714 So.2d 988 (1998)
Ex parte State of Alabama.
(Re James Henry DENT and One 1993 Chrysler Van, VIN 1C4GH54R2PX526032
v.
STATE of Alabama).
1970540.
Supreme Court of Alabama.
April 24, 1998.
Bill Pryor, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for petitioner.
No brief filed for respondent.
Prior report: Ala.Civ.App., 714 So.2d 985.
ALMON, Justice.
WRIT DENIED.
SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, SEE, and LYONS, JJ., dissent.
MADDOX, Justice (dissenting).
I respectfully dissent from the denial of certiorari review. In order to explain my reasons for doing so, I will briefly set out the facts of this case.
On September 22, 1995, officer B.C. Cooper of the Headland Police Department stopped James Henry Dent for speeding. After Mr. Dent gave consent, officers called to the scene searched his van, recovering approximately 5.5 grams of marijuana. Dent subsequently pleaded guilty to a misdemeanor possession charge; he was given a 12-month suspended sentence and was fined $250.
During the same period, the Henry County Sheriff's Department instituted forfeiture proceedings against the van Dent had been driving. The trial court applied the "instrumentality" test put forward by Justice Scalia in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (Scalia, J., concurring in part and concurring in the judgment), and ordered that the van, valued at $18,000, be forfeited. Dent appealed, arguing that the forfeiture was excessive and thus violated the Eighth Amendment to the United States Constitution.
In Austin, Justice Scalia wrote that "an in rem forfeiture goes beyond the traditional limits that the Eighth Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense." Austin, 509 U.S. at 627-28, 113 S.Ct. at 2815. To determine whether an object was an "instrumentality" of the offense, the relevant question Justice Scalia would raise is: Was the relationship of the object "close enough [to the crime] to render the property, under traditional standards, `guilty' and hence forfeitable"? 509 U.S. at 628, 113 *989 S.Ct. at 2815. Therefore, according to Justice Scalia, "[t]he question is not how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense." 509 U.S. at 628, 113 S.Ct. at 2815. In Austin, however, a majority of the Supreme Court did not set forth a test to be used for determining whether a civil forfeiture violates the Eighth Amendment.
In this case, the Court of Civil Appeals reversed the forfeiture order, holding that the "proportionality" test of United States v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Montgomery County, Alabama, 74 F.3d 1165 (11th Cir. 1996), rather than the "instrumentality" test, should be applied. In One Parcel, the 11th Circuit held that a court engaging in an excessiveness analysis in a civil forfeiture case must ask:
"Given the offense for which the owner is being punished, is the fine (imposed by civil forfeiture) excessive? ... [T]he core of [this] proportionality review is a comparison of the severity of the fine with the seriousness of the underlying offense ...."
74 F.3d at 1172.
In Bennis v. Michigan, 516 U.S. 442, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996), the Supreme Court reexamined the forfeiture issue from a slightly different perspective. In that case, the Court, in a 5-4 decision, affirmed the forfeiture of a wife's interest in a jointly owned automobile in which her husband had been caught engaging in illicit sexual activity. Although Bennis has been severely criticized, it remains the law. I realize that in Bennis the Supreme Court did not state which test a court should apply when engaging in an excessiveness analysis; however, I believe that the decision is nonetheless informative.
Because we are, at this point, merely deciding whether to review the holding of the Court of Civil Appeals, I do not need to finally conclude whether the "instrumentality" test or the "proportionality" test ought to be applied. I do believe, however, that we should, at least, grant certiorari review in order to further consider the issues presented in this case. Consequently, I respectfully dissent.
LYONS, J., concurs.