MONROE, Judge,
concurring specially.
I wholeheartedly agree with the affir-mance of the trial court’s judgment denying the State’s forfeiture petition. I wish to emphasize that Alabama’s drug forfeiture statute requires the State to show that forfeited property constitutes, or was derived from, proceeds of illegal drug activity. An individual’s personal property cannot be subject to forfeiture unless the State shows some nexus between the property to be forfeited and illegal drug activity.
*8 As I stated in my special writing in Kelley v. State, 766 So.2d 836 (Ala.Civ.App.1998), my understanding of the purpose behind implementing the drug forfeiture laws was to prevent “drug lords” from bankrolling their lavish lifestyles with the huge profits they were reaping from the sale of illegal drugs. Toward that end, the money derived from drug sales, and any property that was purchased with the proceeds from drugs sales, such as yachts, jets, automobiles, and homes, were made subject to forfeiture. That is a policy with which I completely agree. I also agree that forfeiture laws should be used to take away any property or currency used in furthering the production, importation, sale, receipt, possession, or concealment of drugs.
However, abuses of the forfeiture law have been cropping up with uncomfortable frequency. During my tenure on this court, I have seen numerous examples of people’s personal property being confiscated based merely on speculation of illegal drug activity, and often, as in this case, there is no showing that the property to be forfeited is in any way related to the sale of illegal drugs.
For example, in Ex parte Kelley, 766 So.2d 837 (Ala.1999), the Alabama Supreme Court reversed a judgment in a civil forfeiture case in which a Pontiac Grand Am valued at $30,000, which had been purchased by the defendant’s grandmother, was condemned. The defendant was charged with possession of a controlled substance, an offense carrying a maximum fine of $5,000. The evidence was undisputed that the vehicle had not been purchased with any money derived from the sale of drugs. The Supreme Court reasoned that the forfeiture was “grossly disproportional to the gravity of the offense.” Id. at 839. In Kelley, the Supreme Court quoted favorably from this court’s opinion in Dent v. State, 714 So.2d 985, 987 (Ala.Civ.App.1997), cert. denied, 714 So.2d 988 (Ala.1998), stating, “ “When the government is empowered by law to confiscate the property of its individual citizens, we must require it to exercise that power with the greatest of care.’ ” Ex parte Kelley, supra.
The problem is not isolated to Alabama. In a column in the May 10, 1999, edition of The Birmingham News, United States House Judiciary Committee Chairman Henry Hyde, R-Ill., was quoted as referring to the “Kafkaesque world of civil asset forfeiture.” The column explained that Hyde, and conservative Rep. Bob Barr, R-Ga., are among several representatives supporting a bill that would reform civil forfeiture laws.
If courts do not exercise more vigilance in weeding out instances in which forfeiture laws are abused, I fear a backlash may result in our losing the forfeiture laws altogether. I am glad to see that, in this case, both the trial court and my colleagues at the Court of Civil Appeals are working to ensure that the forfeiture laws of this state are being justly applied.