This is a civil-forfeiture case. The Court of Civil Appeals, on August 28, 1998, affirmed the order of forfeiture, without an opinion. Dorough v. State, (No. 2970379), 757 So.2d 489
(Ala.Civ.App. 1998) (table). We granted Karl James Dorough's petition for the writ of certiorari, in light of this Court's holding inKelley v. State, 766 So.2d 837, (Ala. 1999), to determine whether the forfeiture of Dorough's 1991 Mazda Navajo truck, pursuant to Ala. Code 1975, § 20-2-93(a)(5), "is grossly disproportionate to the gravity of his [alleged] offense," id., and, therefore, violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Because the trial court made no findings as to the value of Dorough's truck, the amount of controlled substance seized from the truck, or the criminal charge, if any, made against Dorough, this Court cannot determine whether the forfeiture of Dorough's truck is excessive. Accordingly, we remand this case for the Court of Civil Appeals to order further proceedings consistent with this opinion.
 I.
The following facts are undisputed.[1] In March 1997, two City of Birmingham police officers observed Dorough snorting a white powdery substance as he was sitting in the driver's seat of his 1991 Mazda Navajo truck. The officers also saw a plastic bag lying on the console of the truck; the bag contained a white powder, which the officers believed to be cocaine. The officers arrested Dorough and seized the white powder. It was later confirmed that the white powder was cocaine.[2]
Pursuant to Ala. Code 1975, § 20-2-93(a)(5), the State filed a petition seeking the condemnation of Dorough's truck. After holding a hearing, the trial court entered an order declaring Dorough's truck to be contraband and condemning and forfeiting it to the State.
 II.
Dorough argues that the mere possession of a controlled substance is an insufficient basis for a civil forfeiture under Ala. Code 1975, § 20-2-93(a)(5). In support of this argument, Dorough relies on Weldon v. State, 718 So.2d 52 (Ala.Civ.App. 1997), cert. denied, 718 So.2d 54 (Ala. 1998); Gilbert v. State,686 So.2d 266 (Ala.Civ.App.), cert. denied, 686 So.2d 267
(Ala. 1996); and Dent v. State, 714 So.2d 985 (Ala.Civ.App. 1997), cert. denied, 714 So.2d 988 (Ala. 1998). Dorough also argues, in the alternative, that if this Court should hold that the mere possession of a controlled substance is a sufficient basis for a civil forfeiture, then this Court must remand this case for proceedings in the trial court; he says that at those proceedings the trial court should determine the value of his truck and determine whether the forfeiture of the truck is excessive.
 A. "Possession" as a Basis for Civil Forfeiture
Ala. Code 1975, § 20-2-93(a), provides in pertinent part:
"(a) The following are subject to forfeiture:
". . . .
 "(5) All conveyances, including . . . vehicles, . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of any [controlled substances.]" *Page 1003 
(Emphasis added.) In Ex parte Pfizer, Inc., 756 So.2d 960
(Ala. 1999), this Court stated:
 "`When the language of a statute is plain and unambiguous, . . . courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.' . . .
 "`In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
 "`"`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"'"
Id. at 964 (citations omitted). There is no ambiguity in the word "possession." Section 20-2-93(a)(5) clearly provides that a vehicle that has been used, or that is intended to be used, "in any manner" to facilitate the "possession" of a controlled substance is subject to forfeiture. Accordingly, we must enforce the plain language of § 20-2-93(a)(5), which authorizes the civil forfeiture of a vehicle.
We do not read Weldon, Gilbert, and Dent as standing for the proposition that criminal conduct involving more than mere possession of a controlled substance is required in order for there to be a forfeiture under § 20-2-93. In Weldon, the Court of Civil Appeals held that the forfeiture of the claimant's 1993 BMW automobile, which was valued at $37,500 and on which the driver had paid about $12,000 to $13,000, for possession of .067 ounce (about a teaspoon) of marijuana constituted an excessive fine and thus violated Excessive Fines Clause of the Eighth Amendment of the United States Constitution.[3] See 718 So.2d at 53. InDent, the Court of Civil Appeals held that the forfeiture of the claimant's 1993 Chrysler van, which was valued at $18,000, for possession of 5.32 grams of marijuana (about 1/6 of an ounce) constituted an excessive fine and thus violated the Excessive Fines Clause of the Eighth Amendment. See 714 So.2d at 987. InGilbert, the Court of Civil Appeals upheld the forfeiture of the claimant's 1987 Chevrolet S-10 truck, which had been used to transport marijuana for the claimant's personal use and possession. See 686 So.2d at 267. The Court of Civil Appeals held that the fact that the truck had been used to transport marijuana for the claimant's personal use and possession was sufficient to support a forfeiture under § 20-2-93.[4]Gilbert, 686 So.2d at 267. Thus, neither Weldon, Gilbert, norDent holds that mere possession of a controlled substance is not a sufficient basis for forfeiture under § 20-2-93.
It is undisputed that Dorough possessed a controlled substance in his truck. Thus, Dorough's truck was used in some manner to facilitate that possession. Therefore, we hold that Dorough's mere possession of a controlled substance in his truck is a sufficient basis for the civil forfeiture of the truck under § 20-2-93(a)(5). *Page 1004 
 B. Excessive-Fines Analysis
The Supreme Court of the United States has held that the Excessive Fines Clause of the Eighth Amendment applies to civil in rem forfeiture actions.[5] See Austin v. United States,509 U.S. 602, 604 (1993) (holding that the Excessive Fines Clause applies to forfeitures of property under 21 U.S.C. § 881(a)(4) and (a)(7)). In Austin, the Supreme Court held that the Excessive Fines Clause applies to the federal forfeiture statutes because "of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish." Austin, 509 U.S. at 621-22. The Supreme Court stated that the relevant question is not whether a forfeiture is nominally civil or criminal, but whether it is punishment. See id. at 610. However, the Supreme Court declined in Austin to establish a standard for determining whether a forfeiture constitutes an excessive fine for purposes of the Eighth Amendment. See 509 U.S. at 622-23.
In United States v. Bajakajian, 524 U.S. 321 (1998), the Supreme Court established a standard for determining whether a forfeiture constitutes an excessive fine for purposes of the Eighth Amendment. The Supreme Court held that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."524 U.S. at 334. The Supreme Court explained:
 "In applying this standard, the district courts in the first instance, and the courts of appeals, reviewing the proportionality determination de novo, must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional."
524 U.S. at 336-37. The Supreme Court stated that, in determining excessiveness, (1) "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," and (2) "any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise."524 U.S. at 336.
This Court recently applied the Bajakajian standard in Kelleyv. State, supra. In Kelley, this Court held that the forfeiture of the claimant's 1997 Pontiac Grand Prix automobile (valued at approximately $30,000) was excessive under the Bajakajian
standard. Four tablets of the controlled substance aminorex and 6.2 grams of marijuana had been found in the automobile. The claimant was arrested and was subsequently convicted of possession of a controlled substance, a violation of Ala. Code 1975, §13A-12-212(a)(1), and a Class C felony. A class C felony carries a maximum fine of $5,000. This Court, applying the Bajakajian
standard, stated:
 "Comparing the legislature's assessment of the gravity of Kelley's crime with the $30,000 forfeiture the state seeks — a forfeiture in an amount six times the maximum fine the legislature has allowed the courts to impose in such a case — we conclude that such a forfeiture would be grossly disproportional to the gravity of his offense."
Kelley, 766 So.2d at 339-40.
The trial court did not address whether the forfeiture of Dorough's truck was grossly disproportional to the gravity of his alleged offense. However, we cannot undertake the proportionality analysis established in Bajakajian and followed by this Court inKelley, because the record here is insufficient for us to do so. No evidence in the record indicates the value of Dorough's truck, the amount of cocaine seized from the truck, or the criminal charge, if any, made against Dorough. *Page 1005 
Dorough and the State agree that a remand is necessary so that the trial court can determine, as a fact, the value of Dorough's truck. Accordingly, we remand this case for the Court of Civil Appeals to order further proceedings consistent with this opinion. After the trial court has conducted those proceedings, it shall make an appropriate and timely return to the Court of Civil Appeals, which shall in turn make an appropriate and timely return to this Court.
REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
MADDOX, J., concurs in the result.
[1] The parties stipulated to the facts. (R. at 24-25.)
[2] The record does not indicate whether Dorough was ever indicted or prosecuted.
[3] In holding that the forfeiture was excessive, the Court of Civil Appeals in Weldon applied the proportionality test adopted by the United States Court of Appeals for the Eleventh Circuit in United States v. One Parcel Property Located at 427 and429 Hall Street, Montgomery, Montgomery County, Alabama,74 F.3d 1165 (11th Cir. 1996), and which the Court of Civil Appeals had previously adopted in Dent. See 718 So.2d at 53. In Dent, the Court of Civil Appeals rejected the instrumentality test as the means for determining whether a forfeiture constitutes an excessive fine and applied the proportionality test. See 714 So.2d at 986-87.
[4] This Court denied the claimant's petition for the writ of certiorari, but in denying the writ we stated that "we do not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion." Exparte Gilbert, 686 So.2d 267, 268 (Ala. 1996).
[5] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."