On October 1, 2001, the State of Alabama filed a complaint seeking the forfeiture of a vehicle that belonged to Junior Ables ("Junior"). After receiving ore tenus evidence, the trial court entered a judgment ordering the forfeiture of the vehicle. Junior appealed.
The record indicates that on September 29, 2001, Ricky Purser, a deputy sheriff with the Marion County Sheriff's Department, stopped a 2000 Chevrolet Blazer sport-utility vehicle driven by Timothy Ables ("Timothy"). At the time, Junior, Timothy's uncle, was a passenger in the vehicle. Purser testified that he had received a telephone call informing him that the men in the vehicle had been drinking; he testified that he decided to stop the vehicle after the vehicle's driver ran a stop sign. During the course of the traffic stop, Timothy declined to take any field sobriety tests and instead admitted that he was intoxicated. Purser placed Timothy under arrest on charges of driving under the influence of alcohol.
Timothy consented to Purser's searching the vehicle. Purser found three cases, or 72 twelve-ounce cans, of beer in the vehicle. Marion County is a dry county, i.e., the sale of alcoholic beverages is prohibited in Marion County. Purser investigated and determined that the vehicle actually belonged to Junior.
The State filed a petition, purportedly pursuant to § 20-2-93, Ala. Code 1975, seeking the forfeiture of Junior's vehicle. At the hearing on that petition, Timothy testified that the three cases of beer in the vehicle at the time of the September 29, 2001, traffic stop belonged to him. Timothy explained the presence of the beer in the vehicle by stating that he and Junior had been planning to have a party because Junior was moving to Michigan. Timothy testified that he had purchased the beer from a store in an adjacent county; he did not specify in which county he purchased the beer.
On cross-examination, the State's attorney asked Timothy if he had any knowledge regarding the sheriff's department receiving telephone calls in which the caller stated that Junior's vehicle had been used to pick up five cases of beer every day; the implication of the questioning on that subject was that the daily trips for beer were for the purpose of transporting the beer into Marion County. Timothy answered that Junior's son made the reports because the son was angry at Junior. Timothy stated that Junior's son telephoned the sheriff's department almost daily.
Junior testified that his brother and Timothy purchased the beer, but that he had waited in the vehicle. Junior stated that although he knew there was beer in the vehicle, he did not know how much beer the two men had purchased. Junior explained that he and Timothy had taken Junior's brother home just before Purser stopped the vehicle. Junior testified that *Page 554 
the beer in the vehicle did not belong to him. Junior denied having any knowledge of the sheriff's department receiving reports that his vehicle was used every day to transport five cases of beer into Marion County. He also denied knowing whether any beer was unloaded when his brother got out of the vehicle shortly before the traffic stop. Junior testified that he is disabled and that he receives Social Security disability income.
It is illegal for any person to transport five gallons or more of any intoxicating beverage in a dry county. § 28-4-115, Ala. Code 1975. The three cases of beer found in the vehicle in this case contained 864 ounces of beer, or a total of 6.75 gallons.
We note that although the State purported to bring this action under § 20-2-93, Ala. Code 1975, and although both parties continue on appeal to address that section, the beer at issue in this case is not a "controlled substance" as that term is defined under the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq., Ala. Code 1975. Rather, the State's authority to condemn the vehicle at issue in this case arose under §§ 28-4-286 through -290, Ala. Code 1975, which govern the condemnation of vehicles used to transport intoxicating beverages in dry counties.
On appeal, Junior argues only that the forfeiture of his vehicle under the facts of this case constitutes an excessive fine that is violative of the Eighth Amendment to the United States Constitution.
 "In United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), the Supreme Court established a standard for determining whether a forfeiture constitutes an excessive fine for purposes of the Eighth Amendment. The Supreme Court held that `a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' 524 U.S. at 334, 118 S.Ct. at 2036. The Supreme Court explained:
 "`In applying this standard, the district courts in the first instance, and the courts of appeals, reviewing the proportionality determination de novo, must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional.'
 "524 U.S. at 336-37, 118 S.Ct. 2028. The Supreme Court stated that, in determining excessiveness, (1) `judgments about the appropriate punishment for an offense belong in the first instance to the legislature,' and (2) `any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise.' 524 U.S. at 336, 118 S.Ct. 2028."
Ex parte Dorough, 773 So.2d 1001, 1004 (Ala. 2000).
In Ex parte Dorough, supra, the record did not indicate the value of the appellant's seized vehicle or the nature of the charge against the appellant. Therefore, the trial court did not address the issue whether the forfeiture of the appellant's vehicle was "grossly disproportional to the gravity" of the appellant's offense. Ex parte Dorough, 773 So.2d at 1004. See also United States v. Bajakajian, 524 U.S. 321 at 337 (1998). Our supreme court remanded the case to this court to remand to the trial court for the trial court to make a determination of the value of the appellant's vehicle. Ex parte Dorough, 773 So.2d at 1005.
Similarly, in this case, the record contains no evidence regarding the value of Junior's vehicle. Therefore, this court is unable to apply the analysis set forth in United States v. Bajakajian, supra, and discussed in Ex parte Dorough, supra. *Page 555 
We remand this action to the trial court for a determination of the value of Junior's vehicle and whether the forfeiture of that vehicle constitutes an excessive fine. See Ex parteDorough, supra.
REMANDED WITH INSTRUCTIONS.
YATES, P.J., and PITTMAN, J., concur.