PER CURIAM.
The State of Alabama sued Tyrese Farrier pursuant to § 20-2-93, Ala.Code 1975, seeking the forfeiture of a 1983 Cadillac DeVille automobile, VIN # 1G6AD698209179697. The State alleged that the automobile was owned by Farrier and was being used to transport or to facilitate the transportation, sale, receipt, possession, or concealment of marijuana. Farrier answered, denying all material allegations and demanding strict proof thereof. Following an ore tenus proceeding, the trial court entered an order in favor of Farrier. The State appeals.[1]
On May 10, 2002, the narcotics division of the Houston County Sheriffs Department was conducting surveillance on Farrier’s residence because of a tip received through the “Crimestoppers” program. The narcotics officers observed Farrier leaving his residence driving the Cadillac DeVille, which is the subject of this forfeiture complaint. The officers stopped Farrier after he was seen weaving in his lane of traffic. As the officers approached the vehicle they smelled the odor of marijuana. The officers collected 4.74 grams of marijuana from Farrier’s person and vehicle. Farrier later pleaded guilty to misdemean- or possession of a controlled substance.
The trial court stated on the record that it denied the State’s forfeiture complaint because the underlying criminal case was based on a misdemeanor charge of possession of marijuana. Our supreme court held in Ex parte Dorough, 773 So.2d 1001 (Ala.2000), that mere possession of a controlled substance in a vehicle is a sufficient basis for the forfeiture of that vehicle pursuant to § 20-2-93, Ala.Code 1975. The issue whether the forfeiture in this case violates the excessive fines clause of the Eighth Amendment was not raised and is, therefore, not before this court. Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.

. Farrier has not provided this court with a brief on appeal.