I concur fully in the main opinion; I write specially only to make clear my understanding of the application of § 6-3-7(c), Ala. Code 1975, to this case.
Each of the plaintiffs in the Wright case has an insurance policy with Unum that was separately negotiated. The plaintiffs in the Wright case moved the trial court to *Page 1089 
compel arbitration, citing § 6-3-7(c), Ala. Code 1975.[4]
Section 6-3-7(c), Ala. Code 1975, provides:
 "(c) Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) [that] the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action."[5]
Venue, therefore, depends on whether the plaintiffs in theWright case have "establish[ed] that they assert any right to relief jointly, severally, or arising out of the sametransaction or occurrence." (Emphasis added.)
First, the plaintiffs in the Wright case claim that the right to arbitration arises out of their contracts, i.e., their insurance policies with Unum. That right arises in each case out of the particular contract between Unum and that party; therefore, the claims are not joint claims. Second, the claims do not arise out of the same transaction or occurrence, because each of the plaintiffs in the Wright case separately negotiated and purchased a policy from Unum. Thus, the remaining question is whether the claims are brought "severally."
The main opinion provides two definitions for the adjective "several"; the adverb "severally" is defined as "[s]eperately, individually, each of a number of persons or things by himself or itself. . . ." XV The Oxford English Dictionary 99 (2d ed. 1989).[6] The meaning of § 6-3-7(c) is plain. Bartlett Waring v. Morris, 9 Port. 266, 268 (Ala. 1839) ("No principle is more firmly established, *Page 1090 
or rests on more secure foundations, than the rule which declares, when a law is plain and unambiguous . . . the Legislature shall be intended to mean what they have plainly expressed. . . ."). The claims to the right to arbitrate by the plaintiffs in the Wright case are brought "separately" and "individually"; therefore, they are brought severally.[7]
Section 6-3-7(c) further requires that
 "the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) [that] the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action."
The plaintiffs in the Wright case bring only contract actions to compel arbitration of their claims. The various contracts are for that purpose identical; therefore, it is reasonable to conclude, and I do not believe that the trial court exceeded its discretion in so concluding, that the legal question of arbitrability under the language of the contract will predominate over individualized questions where the parties do not dispute the validity of their contracts.[8] It is also reasonable under these circumstances for the trial court to have concluded that it is more efficient and economical to allow joinder of the actions to compel arbitration.
Finally, the interest of justice "`is an amorphous, catch-all term, capable of various meanings. Whenever it appears in a statute, however, it inherently "imports the exercise of discretion by a court."'" Ex parte Independent Life AccidentIns. Co., 725 So.2d 955, 957 (Ala. 1998) (Cook, J., dissenting) (quoting Ex parte First Family Fin. Serv., Inc., 718 So.2d 658,662 (Ala. 1998) (Cook, J., dissenting), and citing Bernstein v,Strammiello, 202 Misc. 823, 120 N.Y.S.2d 490, 497 (N.Y.Sup.Ct. 1952)). "`"[I]t follows that such exercise should not be disturbed merely because it is . . . `improvident.'"'" Id. This Court has not been presented with a basis upon which to conclude that the trial court exceeded its discretion in determining that it is in the interest of justice to join these actions for the limited purpose of determining whether to compel arbitration under the insurance contracts.
[4] As I understand the main opinion, our holding applies only to the plaintiffs' actions to compel arbitration and not to any other matters, contractual or otherwise, not currently before this Court. The main opinion states, "The right to that specific relief [the motion to compel arbitration](along with the incidental relief of the selection of an arbitrator by the court if the parties could not mutually agree upon one) was the only right to relief asserted. Thus, it is that `right to relief' to which the criteria of § 6-3-7(c) must be applied." ___ So.2d at ___.
[5] Section 6-3-7(c) continues:
 "If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court in which the action was originally filed may transfer the action to any such other court. Transfer of the action and notice thereof shall be in accord with Section 6-3-22."
[6] See also Kansas v. Groves, 278 Kan. 302, 306, 95 P.3d 95,98 (2004) ("Offenses also do not merge if they are committedseparately and severally at different times and at different places. . . .") (emphasis added); Donaldson v. Board of Comm'rsof Rock-Koshkonong Lake Dist., 272 Wis.2d 146, 166,680 N.W.2d 762, 771 (2004) ("[T]he lake district commissioners were directed to `severally and separately consider each parcel of frontage therein. . . .'") (emphasis added).
[7] I recognize that "jointly" and "severally" between them appear to cover all conceivable legal actions, thereby rendering the use of those terms in the statute surplusage. I also recognize the rule of statutory construction that "`[a] statute must be considered as a whole and every word in it made effective if possible.'" Custer v. Homeside Lending, Inc., 858 So.2d 233,245 (Ala. 2003), quoting Alabama State Bd. of Health v. ChambersCounty, 335 So.2d 653, 654-55 (Ala. 1976); see also McCauslandv. Tide-Mayflower Moving Storage, 499 So.2d 1378, 1382 (Ala. 1986). However, I do not see a way "possible" to give effect to the disjunctive "jointly, [or] severally," and I remain mindful that "`where plain language is used a court is bound to interpret that language to mean exactly what it says. . . .'" Ex parteDorough, 773 So.2d 1001, 1003 (Ala. 2000), quoting Ex partePfizer, Inc., 746 So.2d 960, 964 (Ala. 1999).
[8] As the main opinion states, "The right to that specific relief (along with the incidental relief of the selection of an arbitrator by the court if the parties could not mutually agree upon one) was the only right to relief asserted. Thus, it is that `right to relief' to which the criteria of § 6-3-7(c) must be applied." ___ So.2d at ___. I note that Unum does not argue that the appointment by the court of an arbitrator raises in this case a significant question of individualized inquiry.