THOMAS, Judge,
concurring specially.
Although I concur fully with the main opinion, I write specially to explain why I believe that the fine imposed by the Board is not unconstitutionally excessive.
A review of excessive-fine cases in Alabama reveals that our courts have most often considered such arguments in civil-forfeiture cases. See, generally, Harris v. State, 821 So.2d 177 (Ala.2001); Ex parte Dorough, 773 So.2d 1001 (Ala.2000); and Ex parte Kelley, 766 So.2d 837 (Ala.1999). In developing the excessive-fine analysis used in those cases, our supreme court relied on United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), and Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In Bajakajian, the United States Supreme Court stated that, to determine whether a civil forfeiture was excessive, a court should “compare the amount of the forfeiture to the gravity of the defendant’s offense.” Bajakajian, 524 U.S. at 336-37, 118 S.Ct. 2028. The Court specifically noted that it was guided by the consideration that “judgments about the appropriate punishment for an offense belong in the first instance to the legislature.” Bajakajian, 524 U.S. at 336, 118 S.Ct. 2028. The Court specifically concluded that strict proportionality would not be required, instead choosing to adopt the “gross dispro-portionality” test, stating that “[i]f the amount of the forfeiture is grossly dispro *652 portional to the gravity of the defendant’s offense, it is unconstitutional.” Bajakajian, 524 U.S. at 337, 118 S.Ct. 2028.
Those same principles apply in the administrative realm as well. See Pharaon v. Board of Governors of the Fed. Reserve Sys., 135 F.3d 148, 156-57 (D.C.Cir.1998) (applying the excessive-fine analysis suggested by Justice Scalia in his special concurrence to Austin, i.e., a comparison of the fíne to the offense, to a $37 million penalty imposed by the Federal Reserve System for a violation of the Bank Holding Company Act); United States v. Emerson, 107 F.3d 77, 80 (1st Cir.1997) (applying the excessive-fine analysis suggested by Justice Scalia to a $185,000 fine imposed against a pilot for his violations of FAA regulations).
Although the statute governing massage therapists does not specify a range of fines for violations that would permit the imposition of a civil penalty, the statute does specify $10,000 as the uppermost limit of a fine to be imposed on a person for practicing massage therapy without a license. Certainly, any behavior by a massage therapist that would be considered “unprofessional conduct” that might “endanger the health, safety, and welfare of the public” would be as dangerous as allowing an unlicensed person to practice massage therapy. See Ala.Code 1975, § 34-15^3(a)(c). In light of the conduct that resulted in the imposition of the $10,000 fine against Knoblett, I cannot conclude that the fine is unconstitutionally excessive.