714 So.2d 985 (1997)
James Henry DENT and One 1993 Chrysler van, VIN 1C4GH54R2PX526032
v.
STATE.
2960574.
Court of Civil Appeals of Alabama.
November 7, 1997.
Rehearing Denied December 12, 1997.
*986 Robert G. Poole of Whittelsey & Whittelsey, P.C., Opelika, for appellant.
Bill Pryor, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
PER CURIAM.
James Henry Dent appeals from a judgment ordering the forfeiture of his 1993 Chrysler van.
According to the record, Dent was stopped for speeding in Henry County. Law enforcement officials searched the van he was driving and found 5.32 grams of marijuana, which is equivalent to about 1/6 of an ounce, and the remnants of three marijuana cigarettes. Dent was arrested and charged with possession of marijuana in the second degree, and the Henry County Sheriff's Department seized the van. Several weeks later, the state filed a civil forfeiture action in the case. After a hearing in the civil action, the trial court entered a judgment ordering that Dent's van be forfeited to the sheriff's department.
Dent contends that forfeiture of the van constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution. In Austin v. U.S., 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the United States Supreme Court held that the Excessive Fines Clause does apply to forfeiture of property in drug cases, but it declined to establish a test for determining whether a forfeiture is constitutionally excessive, deciding instead that the matter was better left to the lower courts to determine. Id.
Two tests have been advanced as the means of determining whether a forfeiture constitutes an excessive finethe instrumentality test and the proportionality test. Justice Scalia urged the adoption of the instrumentality test in his special writing in Austin, 509 U.S. at 623, 113 S.Ct. at 2812-13. According to Justice Scalia, an analysis of whether the forfeiture is excessive must go to "the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, `guilty' and hence forfeitable?" Id.
However, the Eleventh Circuit Court of Appeals has rejected Justice Scalia's instrumentality test in favor the "proportionality test," i.e., "a comparison of the severity of the forfeiture with the seriousness of the crime." United States v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Montgomery County, Alabama, 74 F.3d 1165 (11th Cir.1996). We agree with the Eleventh Circuit that the better reasoned and "appropriate inquiry with respect to the Excessive Fines Clause is, and is only, a proportionality test." Id. at 1170. (See, United States v. One Parcel Property, supra, for a detailed discussion of the Eleventh Circuit's rationale for adopting the proportionality test.) To review the proportionality of the fine imposed, the Eleventh Circuit wrote, the court must ask, "Given the offense *987 for which the owner is being punished, is the fine (imposed by civil forfeiture) excessive?" Id. at 1172.
In One Parcel Property, the trial court ordered the forfeiture of $65,000 in real property after the defendant was charged with possession of cocaine with intent to distribute within 500 feet of a junior high school. The court of appeals considered several factors in determining whether the forfeiture of $65,000 worth of property amounted to an excessive fine. Those factors included whether the defendant had prior convictions, the legitimate use of the forfeited property, the possible prison sentence and/or fine for the defendant's crime, and the totality of the circumstances surrounding the crime. Id.
In One Parcel Property, the defendant was found with cocaine, marijuana, large amounts of cash, bullets, and a .38 caliber gun. His possible sentence was a prison term of up to 21 months and a fine of up to $40,000. Id. The Eleventh Circuit held that, in light of those factors, the forfeiture of property valued at $65,000 did not violate the Excessive Fines Clause. Id. With this we could certainly agree.
In this case, Dent was arrested with 5.32 grams of marijuana, which is equivalent to about 1/6 of an ounce, and the remnants of three marijuana cigarettes. He pleaded guilty to second degree possession of marijuana, a class A misdemeanor. § 13A-12-214(b), Ala. Code 1975. Class A misdemeanors are punishable by fines of not more than $2,000, § 13A-5-12(a)(1), and/or imprisonment in the county jail not to exceed one year, § 13A-5-7(a)(1). Dent received a $250 fine and a 12-month suspended sentence.
Evidence adduced at trial tended to show that the confiscated van was valued at $18,000. There is no indication in the record that Dent had a weapon; there is no indication that he intended to distribute the marijuana; there is no indication that Dent was near a school; there is no evidence that he had a prior criminal record. The value of the van, $18,000, is nine times greater than the maximum possible fine of $2,000 and 72 times greater than the fine Dent actually received. In One Parcel Property, the value of the forfeited property, $65,000, was not even twice as much as the possible fine of $40,000. Id. In applying the proportionality test, we hold that the forfeiture of the van constitutes an excessive fine in violation of the Eighth Amendment.
When the government is empowered by law to confiscate the property of its individual citizens, we must require it to exercise that power with the greatest of care so that it does not infringe upon the rights guaranteed to us all by the United States Constitution and the constitutions of each of the states. The government cannot be allowed to pick and choose which individual rights it will observe. If the government can exceed its authority with impunity, then we begin to move away from our government, described by Thomas Jefferson in the Declaration of Independence as being "instituted among Men, deriving [its] just powers from the consent of the governed," and move toward a totalitarian form of government, in which the rights of the individual are subordinate to the whims of the government.
The forfeiture of the van amounted to an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. The judgment of forfeiture is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I would uphold the forfeiture applying the instrumentality test. See Austin v. United States, 509 U.S. 602, 623-28, 113 S.Ct. 2801, 2812-15, 125 L.Ed.2d 488 (1993) (Scalia, J., concurring in part and concurring in the judgment).
THOMPSON, Judge, dissenting.
I would have upheld the forfeiture, applying a hybrid of the instrumentality and proportionality *988 tests. The proportionality test, as applied in the majority opinion, tends to unfairly favor those who can afford more expensive possessions. For instance, had Dent been driving a worn-out automobile worth $2,000, instead of his $18,000 van, this appeal probably would have been decided differently.
More emphasis should be placed upon the connection of the vehicle to the crime committed. Dent used his van to conceal his use of the illegal substance, and he apparently had smoked marijuana in the van on more than one occasion, as evidenced by the remnants of several marijuana cigarettes found in the vehicle. The property seized possessed a direct relationship to the offense with which Dent was charged.
Dent could have been fined up to $2,000 and could have received a year in prison for the crime he committed. Therefore, I cannot agree that the forfeiture in this case was unconstitutionally severe.