718 So.2d 52 (1997)
Jeffery Randall WELDON
v.
STATE.
2961167.
Court of Civil Appeals of Alabama.
December 12, 1997.
Rehearing Denied January 9, 1998.
John C. Robbins of Polson & Robbins, P.C., Birmingham, for appellant.
Bill Pryor, atty. gen., and Francis R. Clement, asst. atty. gen., for appellee.
MONROE, Judge.
This is a civil forfeiture case.
On October 1, 1996, Jeffery Weldon was stopped for speeding. Weldon was arrested and charged with speeding and driving under the influence of alcohol. Upon a search of Weldon's person, the police officer discovered a plastic bag containing 0.067 ounce (about a teaspoon) of marijuana in Weldon's front pants pocket. Weldon was then charged with unlawful possession of marijuana. However, the charge of unlawful possession was subsequently dismissed, and the record does not show that Weldon was convicted of any crime or received any criminal fine.
On October 31, 1996, the Hoover Police Department seized Weldon's 1993 BMW 850 CSI two-door automobile and petitioned to *53 have the automobile forfeited pursuant to § 20-2-93(a)(5), Ala.Code 1975. Weldon filed a claim on the automobile and denied that it had been used to facilitate the sale, receipt, possession or concealment of the marijuana. On June 11, 1997, after an ore tenus hearing, the trial court ordered the vehicle forfeited and gave all rights to the vehicle to the Hoover Police Department. Further, the court ordered the City of Hoover, and in essence the taxpayers, to pay $25,325.68 to pay off the lien on the automobile. Weldon appeals.
Weldon contends that the forfeiture of the vehicle constituted an excessive fine in violation of the Eighth Amendment of the United States Constitution. The United States Supreme Court has held that the Excessive Fines Clause is applicable to forfeiture of property in drug cases, but declined to establish a test for determining whether a forfeiture is excessive. See Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). However, two tests have been advanced as the means of determining whether a forfeiture constitutes an excessive finethe instrumentality test and the proportionality test. Justice Scalia urged the adoption of the instrumentality test in his special writing in Austin, 509 U.S. at 623, 113 S.Ct. at 2812-13. When the Eleventh Circuit Court of Appeals was faced with determining whether a forfeiture was excessive in United States v. One Parcel of Property Located at 427 and 429 Hall Street, Montgomery, Montgomery County, Alabama, 74 F.3d 1165 (11th Cir.1996), it rejected Justice Scalia's instrumentality test and adopted the "proportionality test" and in our recent decision of Dent v. State, 714 So.2d 985 (Ala.Civ.App.1997), this court followed the logic of the Eleventh Circuit and employed the proportionality test.
In reviewing the proportionality of the fine imposed, the court must ask, "[g]iven the offense for which the owner is being punished, is the fine (imposed by civil forfeiture) excessive?" Id. at 1172. Furthermore, in determining whether the forfeiture in Dent was excessive, we considered the factors provided in One Parcel of Property, such as whether the defendant had a prior conviction, the legitimate use of the forfeited property, the possible prison sentence and/or fine for the defendant's crime, and the totality of the circumstances. Dent v. State, supra. After we considered these factors in Dent, we held that the forfeiture of an $18,000 vehicle for possession of 5.3 grams (0.1862 ounce) of marijuana was excessive. Id. at 986.
In this case, Weldon possessed 0.067 of an ounce (about a teaspoon) of marijuana. Weldon's affidavit states that the automobile is valued at $37,500. Weldon financed the automobile through BMW Financial in November 1993 and had been making monthly payments to the finance company since then. A statement from BMW Financial states that the payoff on the car loan is $25,325.68. Thus, because Weldon did not have title to the car, it is not appropriate to say that Weldon was fined the value of the automobile. However, we can estimate that Weldon had paid about $12,000 to $13,000 on the car, which is the actual value of what he lost in the forfeiture proceeding.
Here, there is a forfeiture of an estimated $12,000 for possession of only 0.067 ounce of marijuana. There are no extraordinary circumstances in this case. As for the record in this case, it does not show that Weldon has ever been convicted of a prior crime. Further, the arresting officer testified that he did not smell marijuana smoke in the automobile. No drugs or drug paraphernalia were found in the automobile.
We find that the forfeiture of the automobile constitutes an excessive fine in violation of the Eighth Amendment. The judgment of forfeiture is reversed and this cause is remanded for further proceedings consistent with this opinion. Because this argument is dispositive, we will not address Weldon's other contentions.
REVERSED AND REMANDED
ROBERTSON, P.J., and YATES, J., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., dissents.
*54 CRAWLEY, Judge, dissenting.
In my dissent in Dent v. State, 714 So.2d 985 (Ala.Civ.App.1997), I said that I would have upheld the forfeiture, applying the instrumentality test. I would uphold the forfeiture in this present case, applying the same test. See Austin v. United States, 509 U.S. 602, 623-28, 113 S.Ct. 2801, 2812-15, 125 L.Ed.2d 488 (1993) (Scalia, J., concurring in part and concurring in the judgment).