**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1992 ISUZU TROOPER VIN # JACDH58W3N79112571,**
**Defendant.**

**No. Civ.A. 97–C.1403–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 9, 1999.

John T. Harmon, Redding Pitt, U.S. Attorney, U.S. Attorney's Office, Montgomery, AL, for U.S.

Barry Elvin Teague, Montgomery, AL, for Shirley Holcombe, claimant.

### MEMORANDUM OPINION AND ORDER

CARROLL, United States Magistrate Judge.

## I. INTRODUCTION AND PROCEDURAL HISTORY

On September 19, 1997, the United States filed a verified complaint for civil forfeiture in rem requesting the court to authorize the seizure of a 1992 Izuzu Trooper sport utility vehicle, pursuant to the provisions of 21 U.S.C. § 881(a)(4). On September 30, 1997, the court issued a warrant of arrest in rem for the vehicle. On October 8, 1997, Shirley Holcombe, filed a verified claim. A non-jury trial was held on her claim on February 23, 1998. An additional hearing on the claim was held December 8, 1998.

## II. DISCUSSION

### A. THE LEGALITY OF THE SEARCH [1]

By motion dated February 17, 1998, Holcombe contests the validity of the search which led to the forfeiture. The undisputed evidence before the court is that the vehicle which Holcombe owns, but

---

1. The suppression issue was first raised by Holcombe when she amended her pretrial

was not driving, was stopped by State Trooper Kelvin Sims on May 20, 1997 for speeding and that, indeed, the vehicle was clocked on radar at 71 miles per hour in a 55 mile an hour zone. Sims had probable cause to stop the vehicle for speeding and consequently the initial stop of the vehicle was "reasonable" under the Fourth Amendment. *United States v. Griffin,* 109 F.3d 706, 707 (11th Cir.1997). Sims smelled marijuana in the car which authorized him to detain the occupants of the car to investigate possible criminal activity. *Id* at 708. The officers on the scene then utilized a drugsniffing dog to sniff the outside of the car. The drug-sniffing dog then alerted on the car providing the officers with probable cause to search. *United States v. Holloman,* 113 F.3d 192 (11th Cir.1997).[2] The seizure of evidence from the car did not violate the Constitution and Holcombe's motion to suppress is due to be denied.

### B. THE FORFEITURE

The government seeks forfeiture of Holcombe's vehicle under the provisions of 21 U.S.C. § 881(a)(4) which authorizes the government to forfeit a vehicle which has been used to facilitate the "transportation, sale, receipt, possession or concealment" of a controlled substance. The burden of proof in a forfeiture action is initially on the government to establish the presence of probable cause to believe that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. Once the government has met its burden, the ultimate burden falls upon the claimant to prove by a preponderance of the evidence a defense to the forfeiture, such as the innocent owner defense or that the property was derived from a legitimate source. *United States v. Two Parcels of Real Property Located in Russell County, Alabama,* 92 F.3d 1123, 1126 (11th Cir. 1996).

### 1. PROBABLE CAUSE

To meet its burden of establishing probable cause, the government must present evidence furnishing a "reasonable ground" for believing that a substantial connection exists between the property to be forfeited and the statutorily prohibited activities.

A "reasonable ground for belief" is less than prima facie proof but more than mere suspicion. It is well established, both in the law of forfeiture and in other areas of the law, that the probable cause inquiry is a flexible one in which the court must consider the "totality of the circumstances."

*United States v. $121,100.00 in United States Currency,* 999 F.2d 1503, 1506 (11th Cir.1993) (citations omitted). The evidence before the court establishes that the vehicle the government seeks to forfeit was being driven by Keith Washington who was facing state drug charges at the time and that 11.8 grams of marijuana, $2,000.00 in currency and a Glock 10.mm handgun were found in the vehicle. The cash was rolled into bundles indicating that it was the proceeds of a drug transaction. The court finds that there is probable cause to believe that the vehicle which was seized was being used to facilitate the transportation, sale or possession of a controlled substance.

### 2. THE INNOCENT OWNER DEFENSE

Holcombe has asserted the innocent owner defense under the provisions of 21 U.S.C. § 881(a)(4)(C) which reads:

no conveyance shall be forfeited under this paragraph to the extent of an inter-

contentions on February 9, 1998. She later embodied those contentions in a motion to suppress which was filed on October 14, 1998. At the hearing held on February 23, 1998, the parties understood that the court was receiving evidence related to Holcombe's contention that the search of her car was

unlawful as well as evidence relating to the merits.

**2.** Under well-settled law, a sniff by a narcotics dog is not a search within the context of the Fourth Amendment. *See United States v. Glinton,* 154 F.3d 1245, 1257 (11th Cir.1998).

est of an owner by reason of any act or omission established by the owner to have been committed without the knowledge, consent, or willful blindness of the owner.

Under the scheme of proof applicable to this case, the claimant bears the burden of establishing the innocent owner defense by a preponderance of the evidence. *United States v. One Parcel of Property Located at Rt. 1, Box 137, Randolph, Chilton County, Alabama*, 743 F.Supp. 802 (M.D.Ala.1990).

The evidence adduced at trial establishes that Keith Washington was a seller of marijuana, albeit small amounts. On April 5, 1997, Washington was apprehended at a trailer in Lowndes County, Alabama, where he was found to possess three bags of marijuana and $160.00 in currency. On May 20, 1994, Washington was arrested following a vehicle stop. Eleven point six grams of marijuana were found in the vehicle along with a handgun and $2000.00 in currency bundled in a manner consistent with drug sales. Holcombe was with Washington on April 5, 1997. She indicated to the troopers who made the arrest that Washington was her boyfriend. She did not, however, tell the troopers his correct name. Following his arrest, Holcombe posted bond in order to secure Washington's release. During pretrial proceedings in this case, she lied about her knowledge of Keith Washington in April 1997 and her efforts to obtain a bond for him.

There can be little question that Holcombe knew that Washington had some involvement with drugs. As the government correctly notes, Holcombe was with Washington on one occasion when he possessed marijuana. Concluding that Holcombe knew that Washington sold drugs is not the end of the inquiry. The relevant question is whether Holcombe knew that her vehicle was being used to transport drugs, and whether she consented or was willfully blind to the use. *See*

*United States v. One 1973 Rolls Royce, VIN SRH–16266*, 43 F.3d 794, 799 (3rd Cir.1994) (hereinafter *Rolls Royce*); *United States v. One 1989 Jeep Wagoneer V.I.N. 1J4GS5874KP105300*, 976 F.2d 1172, 1176 (8th Cir.1992) (hereinafter *Jeep Wagoneer*). Holcombe testified that she allowed Washington to use her vehicle on two occasions, once to take clothes to the laundry (which he did) and once to get the vehicle washed and cleaned. She also testified that she did not condone the use of the vehicle to transport drugs. The court concludes, therefore, that the claimant has proven that she did not know or consent to an unlawful use of the vehicle. The question then becomes whether she was "willfully blind" to the illegal use.

The willful blindness issue in this case is controlled by the decision of the Eleventh Circuit Court of Appeals in *United States v. One 1980 Bertram 58' Motor Yacht*, 876 F.2d 884 (11th Cir.1989). There the court held that in order to prevail on a defense of innocent ownership, a claimant must establish not only that she was uninvolved or unaware of the activity upon which the forfeiture was sought but that she did everything that reasonably could be expected of her to prevent the activity. *Id.* at 888. There is no evidence in this case which would show that Holcombe knew that the car was being used to transport drugs. Indeed, she only had the car for 11 days when it was seized. The government, however, has established that Holcombe knew that Washington was involved with drugs. Under the objective standard for willful blindness in this circuit, Holcombe was required to introduce evidence that she took precautions to make sure that Washington was not using her car to transport drugs. Because Holcombe did not present any evidence from which it could be found that she did everything a truly innocent owner would do to make sure that her car was not being used illegally, she cannot, under the law of this circuit, prevail on an innocent owner defense. *Id.* at 888–889.[3]

---

3. At least two other circuits, the Third and the

Eighth have rejected the objective willful

### 3. THE PROPORTIONALITY ISSUE

 The claimant also contends that the forfeiture in this case violates the excessive fines clause of the Eighth Amendment. Under the law of this circuit, the application of the excessive fines clause to a civil forfeiture "requires a review of the proportionality of the fine imposed. That is, a court must ask: Given the offense for which the owner is being punished, is the fine (imposed by the civil forfeiture) excessive?" *United States v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Alabama,* 74 F.3d 1165, 1172 (11th Cir.1996). In deciding whether the fine which results from a forfeiture is excessive, there is no definitive checklist of relevant factors. "The relevant factors will vary from case to case." *Id.*[4]

 In this case, the claimant was not involved in any way with the crime which the government alleges. She was the girlfriend of the driver of the vehicle which was stopped as well as the vehicle owner. She had purchased the vehicle 11 days before its seizure with the proceeds of an insurance settlement.

The crime involved in the case is the possession of 11.8 grams of marijuana. The government seeks to increase the amount of marijuana by presenting testimony from a state law enforcement officer that the $2,000.00 in cash represents the proceeds from the sale of 12 ½ ounces of marijuana which would be approximately 350 grams. The court considers the government's testimony on this issue to be extremely weak. The claimant, however, offered no contrary evidence. Consequently, for purposes of analysis, the court will accept the government's argument that we are dealing with approximately 360 grams of marijuana.

If the claimant's boyfriend were tried in federal court for possession of 360 grams of marijuana with the intent to distribute, he would face a maximum sentence of up to five years in prison and a fine of up to $100,000.00. The guideline ranges for the fine and imprisonment, however, would be significantly less. The base offense level is a level 8 which calls for a sentence of between zero and six months and a fine of $1,000.00 to $10,000.00. *See* United States Guideline Sentencing Manual Sections 2D1.1 and 5E.1.2. Interestingly enough, the government made no attempt to prosecute the claimant's boyfriend in federal court. While this failure is not outcome determinative, it is, nonetheless, a factor the court may consider. What began as a stop by state law enforcement officers was prosecuted under state law. The passenger in the car was acquitted of all drug charges and $1,000.00 was returned to him even though the government in this court argued that this $1,000.00 was the proceeds of drug trafficking. The claimant's boyfriend was found guilty of simple possession and fined $250.00.

 The court agrees with the position of the government, as articulated in its most recent brief, that the actual convictions in a case are not dispositive for pro-

---

blindness standard in favor of a subjective standard. *See Rolls Royce,* 43 F.3d at 808. Under the subjective standard, in order to avoid the willful blindness prong of § 881(a)(4)(C), a claimant must demonstrate that she was not subjectively aware of a high probability that her vehicle was being used to transport drugs or if she was, that she took affirmative steps reasonable under the circumstances to determine whether, in fact, the vehicle was going to be or had been so used. *Id.* at 812. The claimant has a much stronger argument under this subjective standard and might well prevail if the subjective standard was the law in this circuit.

4. Although the court in the *Hall Street* case declined to adopt a definitive checklist of relevant factors, other courts have noted that the factors could include (1) the culpability of the claimant; (2) the gravity of the crime; (3) the sentence that could have been imposed on the perpetrator of the offense; and (4) the nature and value of the property forfeited. *See United States v. Certain Real Property Located at 11869 Westshore Dr.,* 70 F.3d 923, 927–30 (6th Cir.1995); *United States v. Real Property Located In El Dorado County at 6380 Little Canyon Road,* 59 F.3d 974, 985–86 (9th Cir.1995); *United States v. Milbrand,* 58 F.3d 841, 847–848 (2d Cir.1995).

portionality review purposes. However, as the Eleventh Circuit has noted, the relevant factors will vary from case to case. Under the facts and circumstances of this case, it is appropriate to examine both the punishment available, the punishment actually imposed, and the activities of the claimant. As previously noted, the claimant in this case had nothing to do with the drug transaction at issue and had purchased the vehicle with legitimate funds 11 days before its seizure.[5] Contrast her activity with the activity of the claimant in *427 and 429 Hall Street.*

> ... Jenkins' property was forfeited on the strength of possession with intent to distribute three grams of cocaine within five hundred feet of a junior high school. In 1991, under the United States Sentencing Commission Guidelines, this was a Level 14 offense, punishable by fifteen to twenty one months in prison. A Level 14 offense also results in a mandatory fine ranging from $4000 to $40,000. Furthermore, putting aside the sentencing guidelines, the totality of circumstances underscores the seriousness of the offense. Jenkins was found with marijuana, large amounts of cash, bullets, and a .38 caliber gun, and he was quite close to a junior high school. Given a possible sentence of twenty-one months in prison and a $40,000 fine, and given the additional factors at work in this case, we conclude that the forfeiture of a $65,000 piece of property does not violate the Excessive Fines Clause.

*427 and 429 Hall Street,* 74 F.3d at 1172–73. The culpability of the claimant in this case is significantly less than the culpability of the claimant in the *Hall Street* case.

Under the totality of circumstances in this case, the forfeiture of the claimant's vehicle constitutes an excessive fine. She is entitled to the return of her vehicle.

## III. CONCLUSION

For the foregoing reasons, the court concludes that judgment is due to be entered for the claimant and that the vehicle which is the subject of this forfeiture proceeding should be returned to her. A separate judgment will be entered accordingly.

---

5. Neither side attempted to prove the value of the vehicle. The government, in a brief filed on January 5, 1999, suggests that the vehicle is "worth around $20,000." The plaintiff testified in deposition that she paid $13,000.00 for the vehicle.