On Return to Remand
This action arises out of the State's attempt to condemn a vehicle pursuant to § 20-2-93, Ala. Code 1975. In Alexander v.State, 904 So.2d 1265, 1271 (Ala.Civ.App. 2004), this court remanded this cause to the trial court "to take additional evidence to determine the value of the vehicle and to make a determination as to whether the forfeiture of the vehicle constitutes an excessive fine under the Eighth Amendment."
On remand, the trial court entered an order in which it made the determination, "[b]ased on the initial hearing, subsequent hearing, on-site inspection, and other inquiry," that at the time it was seized by the State the vehicle had a value of $12,000; the trial court also determined that the forfeiture of the vehicle did not constitute an excessive fine under theEighth Amendment to the United States Constitution. Sedrick Alexander, the owner of the vehicle, argues that the forfeiture of the vehicle constitutes an excessive fine that violates theEighth Amendment.[1] In Ex parte Dorough, 773 So.2d 1001 (Ala. 2000), our supreme court explained that the United States Supreme Court has set forth a proportionality test for determining whether a civil forfeiture violates the Eighth Amendment. In applying that test, the courts must determine whether "the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense.'" Ex parte Dorough, 773 So.2d at 1004
(quoting United States v. Bajakajian, 524 U.S. 321, 337,118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)).
In his brief on appeal, Alexander cites only Dent v. State,714 So.2d 985 (Ala.Civ.App. 1997), in support of his argument that the forfeiture of the vehicle in this case amounts to an excessive fine. In Dent v. State, this court reversed a forfeiture judgment where the value of the vehicle seized was nine times greater than the maximum total fine for the offense to which the appellant had pleaded guilty; in doing so, this court concluded that the forfeiture constituted an excessive fine that violated the Eighth Amendment. In its analysis in Dent v.State, this court cited United States v. 427 and 429 HallStreet, 74 F.3d 1165 (11th Cir. 1996).
In Hall Street, the trial court ordered the forfeiture of property valued at approximately one and a half times the amount of the maximum fine for the offense for which the appellant was charged. In affirming that forfeiture judgment, the United States Court of Appeals for the Eleventh Circuit applied the proportionality test and rejected an argument that the forfeiture constituted an excessive fine in violation of theEighth Amendment. 74 F.3d at 1172-73.
As indicated in this court's original opinion, the maximum total fine for the two *Page 216 
offenses for which Anthony Grier, the person in possession of the vehicle at the time it was seized, pleaded guilty was $10,000; also, the "trial court specifically found that Alexander knew or could have known that Grier would use the vehicle to violate the Controlled Substances Act." Alexander v. State,904 So.2d at 1270. The value of the forfeiture in this case is only 20% higher than the amount of the total maximum fine for the offenses involved. Given the arguments that Alexander asserted with regard to this issue, we cannot say that Alexander has demonstrated that the forfeiture of the vehicle was "`grossly disproportional to the gravity of the . . . offense,'" Ex parte Dorough,773 So.2d at 1004, or that the trial court's judgment amounted to an excessive fine that violates the Eighth Amendment.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."