John Ross Spears appeals from a judgment condemning his 2002 Ford F-150 vehicle on the ground that the forfeiture of the vehicle pursuant to Ala. Code 1975, § 20-2-93(a), constitutes an excessive fine prohibited by the Excessive Fines Clause of theEighth Amendment to the United States Constitution. We conclude that the forfeiture is not excessive and affirm the condemnation judgment.
Spears's roommate, Ashley Bond, overdosed on cocaine on February 8, 2004. Spears telephoned emergency "911," and, when officers responded, Spears admitted that he and Bond had spent the evening before smoking marijuana and using both crack cocaine and powdered cocaine. Although Spears refused the officers' request to search the apartment, the officers secured *Page 478 
a warrant. In addition, Spears gave the officers permission to search his vehicle. The search of the apartment, which Spears shared with Bond and a third roommate, yielded approximately 15 grams of marijuana and .22 grams of cocaine. The search of Spears's vehicle yielded approximately 1.19 grams of marijuana and the residue of cocaine in a straw. After the searches, Spears gave a statement to law-enforcement personnel in which he admitted that he and Bond had driven in Spears's vehicle from Dothan to Madrid and Hartford to purchase an "eightball" of marijuana and cocaine. Spears, who had previously been convicted of possession of marijuana in the second degree, was charged with possession of marijuana in the first degree, see Ala. Code 1975, § 13A-12-213(a)(2), and unlawful possession of a controlled substance. See Ala. Code 1975, § 13A-12-212(a)(1). Those two offenses are class C felonies, see Ala. Code 1975, §§13A-12-213(b) 13A-12-212(b), and carry with them potential fines of $5,000 each, see Ala. Code 1975, § 13A-5-11(a)(3), for a combined possible fine of $10,000.
Spears testified that he purchased his vehicle about two months before the date of seizure with money that he had inherited. At the time of purchase, Spears paid $32,000 for the vehicle. He stated that he had added certain accessories to the vehicle (including a stereo system and a Sony brand Playstation video-game device) and purchased an extended warranty, which cost a total of approximately $4,800. Thus, Spears contended that the vehicle was worth approximately $37,000. The trial court, however, concluded that the fair market value of the vehicle was approximately $30,000.
In Ex parte Kelley, 766 So.2d 837, 839-40 (Ala. 1999), our supreme court applied the proportionality test set out in UnitedStates v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028,141 L.Ed.2d 314 (1998), to determine whether the seizure of a vehicle constituted an excessive fine. The court first set out the general standard — the proportionality test.
 "`The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality. The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. . . . Until today, however, we have not articulated a standard for determining whether a punitive forfeiture is constitutionally excessive. We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.'"
Ex parte Kelley, 766 So.2d at 839 (quoting Bajakajian,524 U.S. at 334, 118 S.Ct. 2028). Our supreme court then discussed the United States Supreme Court's explanation of how to apply the proportionality test, which requires a court considering the issue to "`compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional.'" Ex parte Kelley,766 So.2d at 840 (quoting Bajakajian, 524 U.S. at 336-37,118 S.Ct. 2028).
The Kelley court then considered whether the forfeiture of Kelley's $30,000 vehicle constituted an excessive fine in light of the proportionality test. Ex parte Kelley, 766 So.2d at 840. Kelley had been charged with a class C felony offense carrying a potential $5,000 fine. Id. Thus, the court concluded, a forfeiture of the $30,000 vehicle, which was six times the amount of the maximum fine that could be imposed, was "grossly disproportional to the gravity of [Kelley's] offense" and therefore constituted *Page 479 
an excessive fine that violated the Eighth Amendment. Id.
The federal courts have enumerated some possible factors for consideration by a court facing an excessive-fine argument in civil-forfeiture case. See United States v. One 1992 IsuzuTrooper VIN # JACDH58W3N79112571, 51 F.Supp.2d 1268 (M.D.Ala. 1999). Among the possible factors are "(1) the culpability of the claimant; (2) the gravity of the crime; (3) the sentence that could have been imposed on the perpetrator of the offense; and (4) the nature and value of the property forfeited." One 1992Isuzu Trooper, 51 F.Supp.2d at 1273 n. 4. The claimant in One1992 Isuzu Trooper was not involved in the drug transaction in which the vehicle was involved, and her boyfriend, who had committed the offense from which the forfeiture action arose, was convicted of "simple possession" and fined only $250. Id. at 1273. Although the court agreed that the "actual convictions in a case are not dispositive for proportionality review purposes," it stated that "the relevant factors will vary from case to case."Id. at 1273-74. The court ultimately concluded that the forfeiture of the claimant's vehicle constituted an excessive fine.
Spears argues that the forfeiture of an item worth three times the possible fine for the offenses charged is an excessive fine under the Eighth Amendment and the proportionality test. He makes much of the fact that, despite being charged with possession of marijuana in the first degree, the amount of marijuana in his possession was not enough to qualify as an amount for sale. In addition, he argues that Bond and the third roommate were not charged; however, some testimony at trial indicated that money seized from the third roommate's safe was, in fact, condemned as well.
As noted above, Spears is facing potential fines in the amount of $10,000. The trial court found that his vehicle, although containing several enhanced accessories, had a fair market value of approximately $30,000 at the time of its seizure. Spears admitted that he and Bond used the vehicle to travel to purchase both marijuana and cocaine. The vehicle contained 1.19 grams of marijuana and traces of cocaine residue. Spears had previously been convicted of possession of marijuana. He now stands charged with possession of marijuana in the first degree and unlawful possession of a controlled substance. Based on these facts and circumstances, the trial court concluded that a forfeiture of an item worth three times the maximum possible fines did not constitute an excessive fine under the Eighth Amendment.
We simply do not agree with Spears that the forfeiture of his vehicle worth three times the amount of the potential fines for the particular offenses with which he is charged is grossly disproportional to the gravity of the offenses. In Harris v.State, 821 So.2d 177, 186 (Ala. 2001), our supreme court determined that the forfeiture of $165,501 in currency was not an excessive fine. One of the claimants in Harris, Gregory Binion, was found by the trial court to be "`involved in a high-profit business of narcotics sales.'" Harris, 821 So.2d at 186. Based on this factual determination, the Harris court noted that the fines for a cocaine-trafficking conviction ranged from $50,000 to $250,000 depending on the quantity of the cocaine being trafficked. Id. The court stated that it could not conclude that the forfeiture of $165,501 was an excessive fine in light of the range of possible fines provided for by the legislature.Id. Because our supreme court determined that the fine inHarris ($165,501, which was more than three times the lowest possible fine) was not excessive, we likewise conclude that the forfeiture of *Page 480 
Spears's vehicle, worth three times the amount of the fines that could be imposed against Spears, satisfies the proportionality test. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.