THOMPSON, Presiding Judge.
The State appeals from a judgment of the trial court denying the State’s request for the forfeiture of Everette Ross Speaks’s 1987 Toyota truck (“the truck”). We reverse and remand.
On December 17, 2004, the State filed a complaint in the trial court alleging that the truck had been used to facilitate the “transportation, sale, receipt, possession, manufacture or concealment” of a controlled substance and that the truck was subject to forfeiture pursuant to § 20-2-93, Ala.Code 1975. Speaks answered on December, 21, 2004.
On June 26, 2006, the trial court held a bench trial at which it heard ore tenus evidence. Lanny Ransom, an investigator for the Town of Leesburg and for the Cherokee County narcotics unit testified that, on December 3, 2004, he responded to a call regarding Speaks from his fellow law-enforcement agent Jeff Morgan. Morgan informed Ransom that Speaks was behaving in an irate manner at the Lees-burg Town Hall. When Ransom arrived at the town hall, Speaks was apologizing for “creating a scene.” Speaks denied to Ransom and Morgan that he had been using any kind of narcotics, and Speaks orally consented to a search of the truck. Upon searching the truck, Morgan found a purple bag containing eight pills and two bags of a substance that appeared to be methamphetamine, a schedule III controlled substance. See § 20-2-27, Ala.Code 1975. Morgan took all three bags to a lab for testing. The substance in one of the bags tested positive for approximately three grams of methamphetamine.
Ransom testified that three grams of methamphetamine is a large amount for personal use and that that amount could be consistent with distribution activities. Ransom stated, however, that he did not *62 think that Speaks was illegally selling drugs and that, other than the amount of the drug seized, he had no reason to think that Speaks was involved in distribution. Ransom also stated that Speaks had been charged with a possession offense as a result of the substances found in his vehicle but that he had not been charged with a distribution offense. Ransom testified that the approximate street value of methamphetamine is $100 per gram.
Ransom further testified that he has had some experience selling motor vehicles and that he has owned several Toyota trucks, including a model similar to Speaks’s truck from the same model year as Speaks’s truck. Ransom stated that, based on his experience, he would estimate the value of the truck to be approximately $5,000.
After the trial, on July 12, 2006, the trial court entered a final judgment, which stated, in part:
“The arresting officer testified that the street value of the methamphetamine was approximately $100. He estimated the Toyota truck to be valued at $5,000.
“The defendant was charged with possession of a controlled substance, pleaded guilty pursuant to a plea agreement and is serving probation for a period of three years upon recommendation of the state.
“Counsel for Everett Ross Speaks maintains that the forfeiture of his client’s vehicle would be disproportionate to the gravity of the offense.
“Given the small quantity of controlled substances found in the vehicle compared to the substantial value of the vehicle, the court agrees and finds that forfeiture would be sufficiently disproportional to the gravity of the offense to make forfeiture unconstitutionally excessive. See Ex parte Kelley, 766 So.2d 837 (Ala.1999).
“Accordingly, IT IS ADJUDGED that the State’s request for condemnation and forfeiture of the subject vehicle is denied, and the vehicle shall be returned to Everett Ross Speaks.”
The State subsequently filed a motion to alter, amend, or vacate the trial court’s judgment. In its motion, the State claimed that the trial court misunderstood the evidence, because the court stated that the value of the methamphetamine taken from the truck was $100 rather than, as Ransom testified, $100 per gram. The State also argued that the trial court improperly applied the relevant law regarding excessive fines.
On September 6, 2006, the trial court held a hearing on the State’s postjudgment motion, and on September 15, 2006, the trial court entered another order in which it stated, in part:
“The basis for the court’s refusal to condemn and forfeit the subject vehicle was that the forfeiture would be disproportionate to the gravity of the offense committed by Speaks. The State’s motion to alter, amend or vacate asserts 1) that the court misunderstood the evidence in that it misstated the street value of the methamphetamine seized from the vehicle; 2) that the court misunderstood the law; and 3) that the court’s order is contrary to the great weight of the evidence and the law.
“The State’s motion is correct in asserting that the court misstated in its order that the street value of the methamphetamine seized was $100, when, in fact, the evidence was that the street value was $100 per gram. It follows that the substance identified as three grams of methamphetamine had a street value of $300.
“The State’s complaint seeking condemnation and forfeiture of the subject *63 vehicle was filed on December 17, 2004. Speaks was indicted for unlawful possession of a controlled substance on November 15, 2005, and entered a plea of ‘guilty’ pursuant to a plea agreement on May 12, 2006. Under the terms of the plea agreement, Speaks was sentenced to ten years in the state penitentiary, assessed court costs of $892, and required to pay a drug demand reduction assessment of $1,000. No fine was assessed, and pursuant to the State’s recommendation, Speaks’[s] sentence was suspended and he was placed on probation for a period of three years.
“In determining whether the forfeiture of property is grossly disproportionate to the gravity of the offense and, therefore, excessive, there is no definitive checklist of relative factors. The State urges the court to look primarily at the fact that the court could have assessed a fine of up to $10,000 in this case. The maximum fine that the court could have assessed was enhanced from $5,000 to $10,000 because Speaks had a prior conviction in 1989 for theft of property, second degree. Indeed, this is one relative factor. It has been recognized, however, that relevant factors will vary from case to case, and that it may be appropriate in some circumstances to examine both the punishment available as well as the punishment actually imposed. It is also relevant to examine the culpability of the claimant. See United States v. One 1992 Isuzu Trooper, 51 F.Supp.2d 1268 (M.D. Alabama 1999); Ex Parte Kelley, 766 So.2d 837 (Ala.1999). In Kelley, supra, the Alabama Supreme Court considered the fact that the claimant was adjudged a youthful offender, assessed no fine, and placed in drug court as relevant factors in reaching the conclusion that the forfeiture of his automobile was excessive.
“If the available punishment is to be the controlling factor in this inquiry, then the forfeiture of Speaks’[s] vehicle does not constitute an excessive fine. It appears to the court, however, that in the circumstances of this case, the available punishment is not the most instructive factor in judging the gravity of the offense, and that it should not be controlling. The relatively small quantity of drugs seized and the fact that there is no evidence or other indication that the claimant possessed the drugs for sale or distribution appear much more instructive in judging the gravity of the offense than the available punishment. The proof established the substances seized were three grams of methamphetamine and eight tablets containing Oxycodone [a prescription pain-relief medication]. There were no sums of cash found in Speaks’[s] possession nor other indicia to indicate that he was dealing in drugs. Although mere possession of unlawful drugs in a vehicle can justify forfeiture of the vehicle, the fact that the evidence in this case points toward possession for personal use bears on the gravity-of-the-offense issue.
“Also instructive in judging the gravity of the offense in this case is the fact that the State recommended to the court that the claimant’s sentence be suspended and that he be placed on probation.
“For the reasons stated, the court reaffirms its finding that a forfeiture of the subject vehicle would be unconstitutionally excessive, and it is adjudged that the State’s motion to alter, amend or vacate is denied.”
Following the entry of the trial court’s September 15, 2006, order, the State timely appealed to this court. On appeal, the State argues that the trial court erred in holding that the forfeiture of the truck would be constitutionally excessive. *64 Speaks did not file a brief on appeal with this court.
As the United States Supreme Court has held, the prohibition against excessive fines found in the Eighth Amendment to the United States Constitution applies to limit the severity of the penalty in civil-forfeiture actions. Austin v. United States, 509 U.S. 602, 604, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Also, due to incorporation through the Fourteenth Amendment, the Excessive Fines Clause applies to the states as well as to the federal government. Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). The “question whether a fine is constitutionally excessive calls for the application of a constitutional standard to the facts of a particular case, and in this context de novo review of that question is appropriate.” United States v. Bajakajian, 524 U.S. 321, 336 n. 10, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).
A forfeiture violates the Excessive Fines Clause of the Eighth Amendment if it is “grossly disproportional to the gravity of the defendant’s offense.” Id. at 334,118 S.Ct. 2028. As the trial court noted, Speaks pleaded guilty to unlawful possession of controlled substances, which is a cláss C felony as codified at § 13A-12-212, Ala.Code 1975. At the time Speaks pleaded guilty, a class C felon could receive a sentence of up to 10 years in prison and a fine of up to $5,000. See § 13A-5-6, Ala. Code 1975; and § 13A-5-11, Ala.Code 1975.[1] The State argues that, because the crime to which Speaks pleaded guilty could have subjected him to a fine of $5,000, the forfeiture of his truck worth $5,000 would not be grossly disproportional to the gravity of his offense.[2]
Alabama courts have consistently upheld the constitutionality of, forfeitures of property when the value of such property was below or reasonably proportional to the maximum applicable criminal fine. See Harris v. State, 821 So.2d 177, 186 (Ala.2001); Spears v. State, 929 So.2d 477, 479-80 (Ala.Civ.App.2005); and Alexander v. State, 925 So.2d 214, 216 (Ala.Civ.App.2005).
In Harris v. State, our supreme court held that the forfeiture of $165,501 in currency was not constitutionally excessive for conduct potentially subjecting the owners of the currency to a criminal penalty of $250,000. 821 So.2d at 186. The supreme court explained that the trial court had before it evidence indicating that at least one of the owners had been “ ‘involved in a high-profit business of narcotics sales’ ” and that applicable criminal penalties for such activities ranged from $50,000 to $250,000. Id. at 183. Based on that range of penalties, the supreme court held that *65 forfeiture of $165,501 was not a constitutionally excessive fine. Id.
Subsequently, in two cases in which the value of the forfeiture exceeded the applicable criminal penalties, Spears v. State and Alexander v. State, this court held that such forfeitures did not violate the United States Constitution because the forfeitures were not grossly disproportional to the gravity of the offense. In Alexander v. State, we held that the forfeiture of a vehicle valued at $12,000 was not excessive when the owner of the vehicle pleaded guilty to two offenses that could subject him to a maximum total fine of $10,000. 925 So.2d at 216. Similarly, in Spears v. State, we held that the forfeiture of a vehicle worth $30,000 was not excessive even though the value of the vehicle was three times the applicable maximum criminal penalty of $10,000. 929 So.2d at 477.
In cases in which Alabama courts have applied a proportionality test similar to that applied in Bajakajian to hold that a given forfeiture is constitutionally excessive, the courts have based their holdings on facts that showed that the value of the forfeiture was many times greater than the maximum applicable criminal fine. See Ex parte Kelley, 766 So.2d 837, 840 (Ala.1999); and Dent v. State, 714 So.2d 985, 987 (Ala.Civ.App.1997).[3] In Ex parte Kelley, the State sought the forfeiture of a vehicle after a police search of the vehicle revealed several controlled substances. The supreme court compared the $30,000 value of the vehicle to the maximum applicable criminal fine, which was $5,000, and held that the forfeiture of property worth approximately six times the ■ maximum criminal fine was constitutionally excessive. 714 So.2d at 987. Similarly, in Dent v. State, this court held that the forfeiture of a van worth $18,000 was excessive because $18,000 was 9 times greater than the maximum applicable criminal fine of $2,000 and 72 times greater than the $250 fine that the owner actually received.
In this case, the trial court found the value of the truck to be $5,000, which is equal to the maximum criminal penalty Speaks could have faced after pleading guilty to unlawful possession of a controlled substance. Under the facts of this case, we cannot hold that the forfeiture of Speaks’s truck rises to the level of forfeitures our courts have found constitutionally excessive in Ex parte Kelley and Dent v. State.
We also note that the case on which the trial court relied in reaching its judgment is distinguishable from this case. In United States v. One 1992 Isuzu Trooper, 51 F.Supp.2d 1268 (M.D.Ala.1999), the District Court for the Middle District of Alabama held that the forfeiture of a vehicle that was being driven by the owner’s boyfriend when illegal drugs were found in the vehicle was constitutionally excessive considering that the owner did not know or consent to the use of her vehicle to transport illegal drugs. United States v. One 1992 Isuzu Trooper, 51 F.Supp.2d at 1274. The district court noted that “[i]n deciding whether the fine which results from a forfeiture is excessive, there is no definitive checklist of relevant factors. ‘The relevant factors will vary from case to case.’ ” United States v. One 1992 Isuzu Trooper, 51 F.Supp.2d at 1273 (quoting United States v. One Parcel Property Located at 427 and 129 Hall Street, Montgomery, Alabama, 74 F.3d 1165, 1172 (11th Cir.1996)). The district court also mentioned *66 that “other courts have noted that the factors could include (1) the culpability of the claimant; (2) the gravity of the crime; (3) the sentence that could have been imposed on the perpetrator of the offense; and (4) the nature and value of the property forfeited.” Id. at 1273 n. 4. In holding that the forfeiture of the owner’s vehicle would be excessive, the district court emphasized that, despite the federal action for forfeiture, the owner’s boyfriend had not been convicted of a federal offense. The court also emphasized that the owner of the vehicle had no involvement in the illegal activity on which the United States based its action for forfeiture. Id. at 1274.
However, unlike the owner in United States v. One 1992 Isuzu Trooper, supra, Speaks was directly involved in the criminal activity for which the State is seeking the forfeiture of his truck. Also, Speaks pleaded guilty to the Alabama offense of unlawful possession of a controlled substance, and the State now seeks the forfeiture of his vehicle. Because the factors that counseled against forfeiture in United States v. One 1992 Isuzu Trooper do not weigh against forfeiture in this case, and because the value of the truck is exactly the same as the maximum applicable criminal fíne, we hold that the forfeiture of the truck does not violate the Eighth Amendment to the United States Constitution. Accordingly, we reverse the trial court’s judgment holding that the forfeiture of the truck would be constitutionally excessive.
We note that the trial court’s judgment does not state whether it found that the State was otherwise entitled to the forfeiture of the truck. To justify the forfeiture of a vehicle, the trier of fact must be reasonably satisfied that the vehicle was used to illegally transport or to facilitate the sale, receipt, possession, or concealment of a controlled substance. Ex parte Dorough, 773 So.2d 1001, 1003 (Ala.2000). Therefore we remand this case to the trial court so that it may enter a determination as to whether it was reasonably satisfied that the State is entitled to the forfeiture of the truck.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. After Speaks entered his guilty plea, § 13A-5-11 was amended by Act No. 2006-197, § 1, Ala. Acts 2006, to allow imposition of a fine of up to $15,000 for conviction of a class C felony.

. The State points out that because Speaks had a prior conviction for another felony, i.e., theft of property, the maximum fine to which he was potentially subject was increased from $5,000 to $10,000 pursuant to § 13A-5-9, Ala.Code 1975. The State argues, therefore, that $10,000 is the figure that should be used in determining whether the potential forfeiture would be grossly disproportional to the gravity of Speaks’s offense. We are not convinced that it would be proper to compare the potential forfeiture to a potential sentence derived from enhancement due to prior convictions. However, we do not find it necessary to address this issue because, as discussed below, we hold that the fact that a $5,000 fine can be imposed for the basic possession offense to which Speaks pleaded guilty is sufficient to demonstrate that the forfeiture of the truck would not be constitutionally excessive in this case.

. Dent v. State was decided before the United States Supreme Court’s decision in Bajakaji-an; however, this court applied in Dent a proportionality test similar to that applied by the Bajakajian Court. See Dent v. State, 714 So.2d at 987.