United States Court of Appeals,

Eleventh Circuit.

No. 95-4985

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Denorris GRIFFIN, a.k.a. Chuck Griffin, Ricky Eugene Patterson, a.k.a. Alvin Patterson, Defendants-Appellants.

April 8, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-14060-CR-NCR), Norman C. Roettger, Jr., Chief Judge.

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Ricky Patterson and Edward Denorris Griffin challenge their convictions for conspiracy and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846. Patterson also appeals his sentence. We affirm.

The drug seizure and arrests in this case occurred after Patterson and Griffin were pulled over by Deputy Christopher Gregory, on patrol with the Indian River County Sheriff's Department, for driving at seventy miles per hour on a section of the interstate where the speed limit was sixty-five miles per hour. Griffin was driving the car; Patterson sat in the back seat and another individual, Victor Ingram, sat in the passenger side of the front seat. In response to Gregory's request for identification, Griffin provided his driver's license and a rental agreement for the car which he had borrowed from a friend. Gregory subsequently inquired of Griffin where he was going; Griffin responded that he

was visiting friends in Melbourne. While writing a warning ticket, Gregory asked Griffin if he knew "how to get there." R4-55. Griffin stated that he had directions. According to Gregory's testimony both at a suppression hearing and at trial, the fact that Griffin said he had directions to a place he had previously been made Gregory "feel a little suspicious." *id.;* R5-91. Gregory asked his partner to finish writing the ticket and walked to the passenger-side of the car to speak with Patterson and Ingram. Gregory smelled a strong odor of marijuana as he approached the car. In response to Gregory's question as to their destination, Patterson and Ingram both stated that they were going to Atlanta for a funeral. While this conversation transpired, another police car arrived with a police dog. Gregory had the dog sniff the exterior of car and the dog "alerted" to the presence of drugs. Griffin subsequently consented to a search of the car. The police found marijuana on the floor of the front seat. After arresting Griffin, Patterson, and Ingram, the police also found crack cocaine in Ingram's pants.

Griffin and Patterson both moved to suppress the evidence seized as a result of the search of the car and the district court denied the motions. On appeal, Griffin contends that the initial stop by the police was without probable cause and must be reevaluated in light of the Supreme Court's recent decision in *Whren v. United States,* --- U.S. ----, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Patterson argues that, although the initial stop may have been justified, the police exceeded the scope of permissible conduct by continuing to detain the defendants beyond that which

was necessary to write a traffic citation. We address these arguments *seriatim.*

First, although the district court did not have the benefit of *Whren* at the time it rendered its decision to deny the motions to suppress, we are convinced that the Supreme Court's holding in that case dictates precisely the result reached by the district court here. In *Whren,* the Court held that where there is a finding that the police had probable cause to believe that the defendant had committed a traffic code violation, that renders the stop "reasonable" under the Fourth Amendment. *See Whren,* --- U.S. at ----, 116 S.Ct. at 1776. In reiterating "the traditional common-law rule that probable cause justifies search and seizure," *id.,* the Court rejected an analysis based on an inquiry into the subjective state-of-mind of the individual police officer to determine whether the stop was pretextual; instead, the Court looked solely to the objective factor of whether the district court had found probable cause to justify a detention based on a traffic violation. In this case, the defendants do not dispute the district court's finding that they were travelling at seventy miles per hour in a sixty-five-miles-per-hour zone. Although Gregory informed Griffin that the speed at which he was travelling was not "absolutely unreasonable," R4-53, Gregory further noted that this speed was excessive in light of the inclement weather and, accordingly, issued Griffin a "warning" ticket. The record thus reveals that (1) there was a finding of a traffic violation and (2) this violation, particularly in light of the weather on that day, justified Gregory's decision to stop Griffin's car, issue a

warning, and ask him to drive more slowly. *Whren* serves to confirm the district court's determination that these factors gave Gregory probable cause to stop the car in which Griffin, Patterson, and Ingram were driving.

Second, the record indicates that Gregory's search of the car was based on a reasonable suspicion that these defendants were engaged in criminal activity. According to the principles set forth in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police may stop persons and detain them briefly in order to investigate a reasonable suspicion that such persons are involved in criminal activity. In justifying such an intrusion, the "reasonableness" standard requires that the officer "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *United States v. Tapia,* 912 F.2d 1367, 1370 (11th Cir.1990) (quoting *Terry,* 392 U.S. at 21, 88 S.Ct. at 1879 (footnote omitted)). Here, Gregory testified consistently that he approached the vehicle in which Patterson and Ingram sat *while* his partner prepared the traffic citation for Griffin; as he approached, he smelled a strong odor of marijuana; and, in response to his inquiry regarding their planned destination, Patterson and Ingram provided responses entirely inconsistent with that given by Griffin.[1] These factors, in combination, provided

---

[1]We are underwhelmed by the government's suggestion that Gregory's "suspicion" regarding the fact that Griffin needed directions to drive to a location to which he admittedly had been before might constitute the type of reasonable suspicion needed to justify the detention of these defendants and search of their vehicle.

Gregory with a particularized basis to reasonably suspect that the defendants might be engaged in criminal activity. Accordingly, we conclude that the district court did not err in denying the defendants' motions to suppress.

Patterson's argument regarding his sentence warrants brief discussion. Patterson argues that he was improperly sentenced as a career offender because the two prior felony convictions on which the court relied in enhancing his sentence occurred six days apart and were consolidated for sentencing. Our decision in *United States v. Rice,* 43 F.3d 601, 603 (11th Cir.1995), however, suggests that two drug transactions occurring on different days—albeit within the same week and in the same general location—constitute separate, unrelated offenses for purposes of sentencing under 21 U.S.C. § 841(b)(1)(A), the same statute pursuant to which Patterson was sentenced. In addition, we explicitly declined to hold that "the mere fact that separate courts choose to set sentences to run concurrently creates a presumption that the underlying convictions were associated for the purposes of [the statute]." *Rice,* 43 F.3d at 607. Accordingly, we conclude that Patterson's sentence was properly enhanced under the applicable statutory provision. We also conclude that Patterson's suggestion that he was entitled to a downward reduction as a minimal participant is without merit. Patterson was sentenced to a statutory mandatory minimum term. Sentencing Guideline provisions regarding role reductions thus do not apply.

AFFIRMED.