**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 03-4670

RODRIKUS MARSHUN ROBINSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-198)

Submitted: March 3, 2004

Decided: April 7, 2004

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

───────────────────────────────

Affirmed by unpublished per curiam opinion.

───────────────────────────────

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Rodrikus Marshun Robinson of one count of possession with intent to distribute 86.4 grams of crack cocaine and one count of possession with intent to distribute 728.3 grams of cocaine, both in violation of 21 U.S.C. § 841(a)(1) (2000). Pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2003), the district court sentenced Robinson to life imprisonment after finding that he had two prior convictions for a felony drug offense. Robinson appeals his conviction and sentence. He asserts that the search of his apartment was illegal, that the district court erred in excluding evidence, and that the court erred in finding that his prior convictions were not related. Finding no reversible error, we affirm.

Robinson first asserts that the search of his apartment was illegal. He did not timely raise this claim in the district court and, therefore, waived review of that issue. *See* Fed. R. Crim. P. 12(b)(3)(C), (e). Counsel's decision not to file a pretrial motion to suppress did not constitute good cause to excuse the waiver. *See United States v. Yousef*, 327 F.3d 56, 125 (2d Cir.), *cert. denied*, 124 S. Ct. 353 (2003); *United States v. Howard*, 998 F.2d 42, 52 (2d Cir. 1993). We therefore find that the district court did not clearly err by refusing to grant relief from the waiver. *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997) (stating standard of review).

Next, Robinson claims that the district court should not have excluded certain evidence. We review the district court's decision to exclude evidence for an abuse of discretion. *United States v. Young*, 248 F.3d 260, 266 (4th Cir. 2001); *Malone v. Microdyne Corp.*, 26 F.3d 471, 480 (4th Cir. 1994) (reviewing ruling on motion in limine for abuse of discretion). This court "give[s] substantial deference to a district court's decision to exclude evidence" and will find an abuse of discretion "only if the district court acted arbitrarily or irrationally."

*United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997) (internal quotation marks and citations omitted). Our review of the record convinces us that the district court did not abuse its discretion.

Finally, Robinson contends that the district court erred by counting his prior convictions as separate offenses and sentencing him to life imprisonment pursuant to § 841(b)(1)(A). We have "recognized that, for purposes of 21 U.S.C. § 841(b) . . . , the term 'prior convictions' refers to 'separate criminal episodes, not separate convictions arising out of a single transaction.'" *United States v. Ford*, 88 F.3d 1350, 1365 (4th Cir. 1996) (quoting *United States v. Blackwood*, 913 F.2d 139, 145-46 (4th Cir. 1990)). In analyzing whether convictions are from separate and distinct criminal episodes, we consider, among other things, whether the time between the crimes underlying the convictions allowed the defendant sufficient time "to make a conscious and knowing decision to engage in another drug sale." *United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995).

Our review leads us to conclude that the district court did not err in finding that Robinson's prior convictions were separate offenses. *See United States v. Hobbs*, 136 F.3d 384, 387 (4th Cir. 1998) (stating standard of review). Robinson's convictions for possession with intent to sell and deliver crack to the same undercover officer on two days one week apart at the same location were separate and distinct criminal episodes. *See United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999); *United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1997). Thus, the district court did not err in sentencing Robinson to life imprisonment.

Accordingly, we affirm Robinson's convictions and sentence. We deny Robinson's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*