[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11270
Non-Argument Calendar

_____

D. C. Docket No. 07-00290-CR-01-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Santos Price, who conditionally pleaded guilty to possessing a firearm as a

convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), appeals the denial of his motion to suppress. Price argues that the police lacked reasonable suspicion to conduct an investigatory stop that resulted in the discovery of the firearm. We affirm.

Price moved to suppress the evidence seized from his car and statements he made to law enforcement after his arrest. Price argued that Officer Thomas Chambliss had provided inconsistent accounts about whether he had observed Price driving without wearing a seat belt on a public or private road. At a hearing on Price's motion to suppress, Chambliss testified that he noticed that Price was not properly restrained when Price suddenly swerved in front of Chambliss's unmarked police vehicle on a public road. When Price approached Chambliss after he stopped his car in a parking lot, Chambliss noticed the smell of marijuana and observed, in plain view, a marijuana cigar inside the car. During a search of the car, police discovered a .28 caliber pistol in the glove compartment. Price argued that Chambliss's testimony conflicted with his written incident report and his prior testimony at a hearing to revoke Chambliss's probation.

A magistrate judge offered to reconvene the hearing for Price to cross-examine Chambliss about his prior statements, but Price instead addressed the alleged inconsistencies in a supplemental brief. Price attached to the brief copies

2

of the incident report and the transcript of Chambliss's testimony at the revocation hearing. In the incident report, Chambliss wrote that he was "patrolling the 300 block of Scott Street" when he noticed Price driving without a seat belt and "followed the vehicle until [Price] parked." During the revocation hearing, Chambliss testified that he "first saw" Price "[r]iding through the parking lot, the 300 block of Scott Street, [and] observed [Price] not wearing a seat belt." Chambliss explained that he and Price "were almost entering the location at the same time" and Chambliss followed Price, "[d]riving the car without a seat belt . . . through the parking lot . . . until he came and he parked . . . ."

The magistrate judge recommended that the district court deny Chambliss's motion to suppress. The magistrate judge found that Chambliss's accounts were "not so inconsistent as to undermine [the] credibility" of his testimony at the suppression hearing. The magistrate judge ruled that Chambliss had probable cause to stop Price for driving a vehicle on a public road without wearing a seat belt, Ga. Code Ann. § 40-8-76.1, which led to the lawful discovery and seizure of marijuana and the firearm.

The district court adopted the recommendation of the magistrate judge. The district court examined the transcripts of Price's suppression hearing, probation revocation hearing, and the investigative report and "did not conclude that . . .

3

[Chambliss's] testimony [at the revocation hearing] or the investigative report [was] necessarily inconsistent, in a material way, with the officer's very clear testimony before the magistrate judge" that he had observed Price without a seatbelt on a public road. Because "[t]he magistrate judge had an opportunity to assess the officer's credibility[,]" the district court "[found] nothing in the prior state hearing testimony sufficient to undermine that assessment."

Price argues the court clearly erred by crediting Chambliss's testimony, but we disagree. "Under the clearly erroneous standard, we must affirm the district court unless review of the entire record leaves us 'with the definite and firm conviction that a mistake has been committed.'" United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003) (quoting United States v. Engelhard Corp., 126 F.3d 1302, 1305 (11th Cir. 1997)). Because we defer to the credibility determinations made by the district court, "[a]s long as [its] findings are plausible, we may not reverse the district court even if we would have decided the case differently." Id. (quoting Engelhard, 126 F.3d at 1305). Although Chambliss's statements at the revocation hearing were confusing, they were not irreconcilable with his testimony at the suppression hearing. Chambliss's statements are consistent with his testimony that he was on a public road when he noticed that Price was not wearing a seatbelt and followed him into a parking lot to confront

4

him about his traffic violation.

These facts, viewed in the light most favorable to the prosecution, establish that the district court did not err by denying Price's motion to suppress. Chambliss had probable cause to detain Price after observing him violate a traffic law. See United States v. Spoerke, 568 F.3d 1236, 1248 (11th Cir. 2009). Price does not challenge the rulings of the district court that Chambliss was entitled to detain Price to investigate whether he was in possession of contraband, see United States v. Griffin, 109 F.3d 706, 708 (11th Cir. 1997), and Chambliss acquired probable cause to arrest Price for possession of marijuana and to search the vehicle for other evidence of illegal activity, see Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997).

Price's conviction is **AFFIRMED**.