NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-1611
_____

UNITED STATES OF AMERICA

v.

RASHI ABDUL USHERY
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-07-cr-00403-001)
District Judge:  Hon. Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2010

BEFORE:  SCIRICA, STAPLETON and ROTH,
*Circuit Judges*

(Opinion Filed: November 5, 2010)

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Rashi Abdul Ushery was tried and convicted of possession with intent to distribute crack cocaine. Ushery challenges two of the District Court's pretrial rulings, arguing that it erred in: (1) denying his motion to suppress the drugs found when police searched his car during a warrantless traffic stop; and (2) excluding "reverse 404(b)" evidence Ushery intended to introduce. We will affirm.

## I.

The District Court found the following facts after an evidentiary hearing on Ushery's motion to suppress. Officer Brant Maley of the Penbrook (Pennsylvania) Police Department stopped a car driven by Ushery because it was "immediately apparent" that the car's window tint was darker than permitted by state regulations. The car was registered to Ushery's father, Ronald Ushery. Chanika Brown, an acquaintance of Ushery, was in the front passenger seat. When he approached the car to speak to Ushery, Officer Maley detected an odor of burnt marijuana. Officer Maley, a seven-year veteran of the police force, had encountered marijuana on numerous occasions, in drug training and during execution of drug-related warrants.

Officer Maley radioed for assistance, and after one of the responders, Officer Ryan

Lindsley, corroborated the burnt marijuana odor coming from Ushery's car,[1] Officer Maley informed Ushery of the odor and asked for consent to search the car. Ushery refused. Officer Maley then telephoned Ushery's father, Ronald Ushery, told him about the marijuana odor, and requested consent. Ronald Ushery consented to the search. The search turned up no marijuana, but the police did find in the center console five plastic bags containing seventy-five grams of what a field test would reveal was crack cocaine.

A grand jury in the Middle District of Pennsylvania returned a one-count indictment against Ushery, charging him with possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). Ushery moved to suppress the drugs, arguing that probable cause did not support the search, and the District Court denied that motion. Ushery opted for trial, and the Government filed a motion in limine, challenging the introduction of evidence of a prior traffic stop of a car owned by Brown, during which twenty bags of crack cocaine were discovered. Ushery contended that this evidence tended to show that Brown, and not he, possessed the crack cocaine in this case. The District Court granted the Government's motion.

A jury convicted Ushery, and the District Court sentenced him to, *inter alia*, 135 months' imprisonment. Ushery appeals, challenging the District Court's pretrial rulings.[2]

_____

[1]Officer Lindsley also had encountered marijuana on numerous occasions during his fifteen years on the police force.

[2]The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

## II.

Ushery argues that probable cause did not support the search of his car, and thus his motion to suppress should have been granted. "We review a district court's denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review with respect to legal findings made in light of the district court's properly found facts." *United States v. Brown*, 595 F.3d 498, 514 (3d Cir. 2010).

"The automobile exception to the [Fourth Amendment's] warrant requirement permits law enforcement to seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'" *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). We have recognized that "[i]t is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) (citing *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004); *United States v. Winters*, 221 F.3d 1039, 1042 (8th Cir. 2000)); *see also United States v. Staula*, 80 F.3d 596, 602 (1st Cir. 1996) ("[W]hen a law enforcement officer detects the odor of marijuana emanating from a confined area, such as the passenger compartment of a motor vehicle, that olfactory evidence furnishes the officer with probable cause to conduct a search of the confined area."). Given the District Court's finding that Officers Maley and Lindsley, who both had encountered marijuana on the job on numerous occasions, smelled burnt marijuana coming from Ushery's car, the police had probable cause to search the car.

4

Ushery correctly points out that in *Ramos*, we decided that an odor of marijuana established mere reasonable suspicion to stop a vehicle, and we questioned, based on the facts of that case, whether probable cause existed. *See Ramos*, 443 F.3d at 308 n. 5 ("[I]f our inquiry were whether probable cause existed, we might be inclined to agree with the District Court that the stop was not justified."). However, there the police were driving between two parked vehicles when they detected the odor of marijuana in the vicinity, and they could not identify from which of the vehicles the odor had come. *Id.* at 306. In those circumstances, we concluded that the odor was "sufficiently particularized" to establish reasonable suspicion that the vehicle that was stopped contained contraband, *id.* at 309, but we expressed some doubt about whether probable cause existed. Here, Officers Maley and Lindsley were standing immediately outside of Ushery's car, Officer Maley testified that he "smelled the obvious odor of burnt marijuana *coming from the vehicle*," and Officer Lindsley testified that he "smelled the odor of marijuana *inside the vehicle*." App. at 28, 43 (empahses added). This case is factually distinct from *Ramos*, and so we are convinced that probable cause supported the search of Ushery's car.[3]

### III.

Ushery contends also that the District Court erred when it granted the Government's motion in limine and excluded the "reverse 404(b)" evidence he intended to

---

[3]Ushery argues also that the police unlawfully obtained consent from Ronald Ushery to search the car. Given our ruling that probable cause supported the search even in the absence of consent, we need not address this argument.

5

introduce. "We review the District Court's evidentiary rulings for abuse of discretion." *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006) (citing *United States v. Versaint*, 849 F.2d 827, 831 (3d Cir. 1988)). "Under the abuse of discretion standard, an evidentiary ruling is to be reversed only if arbitrary or irrational." *Id.* (citing *United States v. Universal Rehab. Servs.*, 205 F.3d 657, 665 (3d Cir. 2000)).

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule also provides, though, that "other crimes, wrongs, or acts . . . may . . . be admissible for other purposes, such as proof of motive, opportunity, intent . . . ." Such "other crimes" evidence is frequently introduced by the prosecution to incriminate criminal defendants. *Williams*, 458 F.3d at 315.

However, "a seldomly used subspecies of Rule 404(b) known as 'reverse 404(b)' . . . . is utilized to exonerate defendants." *United States v. Stevens*, 935 F.2d 1380, 1383, 1402 (3d Cir. 1991). "Such evidence is most commonly introduced by a defendant to show that someone else committed a similar crime or series of crimes, implying that he or she also must have committed the crime in question." *Williams*, 458 F.3d at 315-16. "[A] defendant may introduce 'reverse 404(b)' evidence so long as its probative value under [Federal] Rule [of Evidence] 401 is not substantially outweighed by Rule 403 considerations." *Stevens*, 935 F.2d at 1405. However, "we do not begin to balance the evidence's probative value under Rule 401 against Rule 403 considerations unless the evidence is offered under one of the Rule 404(b) exceptions." *Williams*, 458 F.3d at 317.

6

Ushery intended to introduce evidence of a prior traffic stop of a car owned by Brown, his passenger on the night at issue in this case, during which twenty bags of crack cocaine were found. At the time of this prior stop, approximately a year and a half before the stop at issue in this case, the car owned by Brown was being driven by an individual named Cedric Simmons, and Brown was not present. In addition, the crack cocaine was not found in the car itself, but rather "o[n] Simmons's person . . . in [his] groin area." *United States v. Simmons*, No. 06-3902, 2007 U.S. App. LEXIS 25260, at \*2-3 (3d Cir. Oct. 26, 2007). Nevertheless, Ushery contends that evidence of "Brown's prior connection to vehicles containing substantial amounts of cocaine base, taken together with the fact that she was located in the passenger seat of the vehicle at the time of the traffic stop[,] . . . is permissible 'reverse 404(b)' evidence as it shows [her] *opportunity* to commit the crime." Def. Br. at 14 (italics in original). We disagree.

Here, because Brown was in the passenger seat, there is no question that she had the opportunity to possess the crack cocaine found in the center console. The fact that one and a half years prior, crack cocaine was found on the person of someone who was driving Brown's car, when Brown was not even present, did not increase or decrease Brown's opportunity to possess the crack cocaine discovered in Ushery's car. Essentially, Ushery was attempting to show that Brown was the possessor of the crack cocaine because crack cocaine had been found in her car before. This is inadmissible propensity evidence under Rule 404(b)'s first sentence, not opportunity evidence admissible under the second. Thus, the District Court was correct, and certainly did not abuse its

7

discretion, in ruling that "the proffered evidence fails to qualify as admissible evidence under Rule 404(b)." App. at 3.

In the alternative, Ushery argues that even if the evidence of the prior traffic stop is inadmissible propensity evidence, the District Court's exclusion of it violated his Fifth Amendment right to present a full defense. We have "acknowledge[d] that there might be cases in which an application of Rule 404(b)'s prohibition against propensity evidence arguably encroaches on a defendant's right to present a full defense," and that "[u]nder exceptional circumstances, therefore, it could plausibly be argued that a defendant has a constitutional right to present propensity evidence otherwise barred by Rule 404(b)." *Williams*, 458 F.3d at 318 n.5. However, we fail to see such exceptional circumstances here, particularly in light of the minimal probative value of the evidence Ushery sought to introduce. *See id.* ("[W]e need not reach this [constitutional] question here; the evidence of Urlin's prior conviction – even if used to show propensity – has minimal probative value."). Evidence that crack cocaine was found on the person of a driver of Brown's car one and a half years earlier is minimally probative of whether she possessed the crack cocaine in Ushery's car. Ushery's Fifth Amendment rights were not violated.

## IV.

In light of the foregoing, the District Court properly denied Ushery's motion to suppress and granted the Government's motion in limine. The judgment of the District Court will be affirmed.