[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15903
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00061-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LAMAR GERALD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 24, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Gerald appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). Prior to Gerald's guilty plea, the district court denied a motion to suppress, finding that Deputy Burt Craft had probable cause, and at least reasonable suspicion, for Craft's initial investigatory stop. On appeal, Gerald argues that Deputy Craft's initial detention occurred without reasonable suspicion of criminal activity.

When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error, and the application of the law to those facts *de novo. United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014). Further, all facts are construed in the light most favorable to the prevailing party below. *Id.*

The Fourth Amendment guarantees the right against unreasonable searches and seizures. U.S. Const. amend. IV. Under the Supreme Court's decision in *Terry*,[1] law enforcement officers may seize a suspect for a brief investigatory stop when (1) the officers have a reasonable suspicion that the suspect was involved in, or about to be involved in, criminal activity, and (2) the stop was reasonably related in scope to the circumstances which justified the interference in the first place. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). A court must examine the totality of the circumstances to determine whether a police officer had

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

reasonable suspicion to conduct a *Terry* stop. *Id.* Reasonable suspicion is a less demanding standard than probable cause, but the Fourth Amendment requires at least a minimal level of justification for making the stop. *Id.* However, the Fourth Amendment is not implicated when a police officer simply approaches an individual and asks a few questions. *Id.* Accordingly, a police officer's approach to a stopped vehicle does not constitute a seizure. *United States v. Baker*, 290 F.3d 1276, 1278-79 (11th Cir. 2002).

The smell of marijuana alone may provide a basis for reasonable suspicion for further investigation of possible criminal conduct. *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010). *See also United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1997) (noting that the odor of marijuana detected during a traffic stop furnished reasonable suspicion justifying further detention and investigation of suspect); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) (noting that the recognizable smell of marijuana gave rise to probable cause supporting a warrantless search).

In this case, the district court did not err in denying the motion to suppress. Deputy Craft's initial approach does not implicate the Fourth Amendment because police officers are free to approach individuals and ask questions. *Lewis*, 674 F.3d at 1303; *Baker*, 290 F.3d at 1278-79. After his approach, the record indicates that Deputy Craft smelled marijuana before he started issuing commands to Gerald.

3

That provided reasonable suspicion for further investigation. *White*, 593 F.3d at 1203. Thus, Deputy Craft had reasonable suspicion when he started issuing commands to Gerald. Because we hold that reasonable suspicion existed, we reject Gerald's summary argument that the fruits of the subsequent search should be suppressed because no reasonable suspicion existed to stop him. Accordingly, the district court did not err in denying the motion to suppress.

**AFFIRMED.**