# IN THE COURT OF APPEALS OF IOWA

No. 17-1552
Filed July 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**ASHTYN DANIEL BELLER,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.


        The State of Iowa appeals a district court ruling granting Ashtyn Beller's motion to suppress.  **REVERSED AND REMANDED.**



        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellant.

        Hannah M. Vellinga of Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, for appellee.



        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The State of Iowa appeals a district court ruling granting Ashtyn Beller's motion to suppress evidence obtained in the course of a traffic stop. The State contends the district court erred in concluding a law enforcement officer impermissibly prolonged the duration of the traffic stop in violation of Beller's constitutional rights.

**I.      Background Facts and Proceedings**

The following facts can be gleaned from the suppression record.[1] Officer Nathan Hoss began working for the Merrill Police Department on a part-time basis in November 2015. Hoss graduated from the police academy and became a certified peace officer in the State of Iowa in August 2017. The traffic stop at issue in this case occurred on January 13, 2017, prior to Hoss's graduation from the police academy. On that date, Hoss, while on patrol, stopped Beller's vehicle because its rear registration plate was not illuminated, a violation of Iowa law. *See* Iowa Code § 321.388 (2017). Hoss approached the vehicle; requested Beller's license, registration, and proof of insurance; obtained identification from the other three occupants of the vehicle; and advised Beller of the reason for the stop. Completion of these matters took little more than two minutes.

When Hoss was conversing with the occupants of the vehicle while he was collecting their information, he noticed an "immediate smell of marijuana." Hoss

---

[1] This includes testimony at the suppression hearing and a video recording of the traffic stop at issue.

testified "it was a stronger smell" and he "didn't have to try very hard to . . . recognize it or . . . identify it" as marijuana.[2]

Hoss returned to his patrol car and began running records checks. First, Hoss verified the validity of Beller's license, which took approximately two minutes. Immediately thereafter, Hoss advised dispatch of a "possible 10-200," which in police code means a drug-interdiction investigation. Thereafter, Hoss spent roughly eight minutes running an information check on one of the vehicle's other occupants.[3] Hoss then reapproached the vehicle and had Beller accompany him to his patrol car.[4] At this point, Hoss already determined he would be searching the vehicle due to the odor of marijuana. Once in the patrol car, Hoss engaged Beller in conversation for approximately two minutes about the vehicle's destination, the lamp violation, and Beller's employment, after which Hoss questioned: "So is there any reason why your car would smell like marijuana?" Although he initially denied the presence of marijuana in the vehicle, within the next roughly two-minute exchange, Beller denied consent to search, upon which

[2] Hoss further testified he had previously come into contact with marijuana in the course of his employment with the Merrill Police Department and "had prior marijuana arrests," which is how he recognized the odor emanating from Beller's vehicle as marijuana. Hoss testified, due to his subsequent training in the police academy, he could "now" distinguish between the smells of "burnt" and "raw" marijuana, and that he could "now" "identify that the marijuana [he] smelled in the vehicle was burnt rather than raw marijuana."
[3] Information checks were run on the vehicle's other two occupants after they were taken into custody.
[4] At the time of the suppression hearing, Hoss could not recall whether he continued to smell marijuana when he approached the vehicle the second time or if he could smell marijuana on Beller's person when they were in the patrol car together. We expressly note our disagreement with the district court's conclusion, and Beller's argument on appeal, that Hoss testified he did not smell the odor of marijuana at these times. He only testified he was "not sure" if he smelled marijuana at these times. He did not testify the smell dissipated, he was merely unable to recall at the time of the suppression hearing, roughly eight months after the stop.

4

Hoss advised the scent of marijuana provided him probable cause to search. Beller then admitted to the presence of marijuana in the vehicle and advised it belonged to all four occupants.[5] Backup was requested, a search was conducted, and the marijuana was ultimately found. All four of the vehicle's occupants were taken into custody.

Beller was charged by trial information with operating while intoxicated and possession of marijuana. Beller moved to suppress the evidence obtained in the course of the search, contending, among other things, "after the original basis for the stop had ended, [Hoss] unlawfully extended the basis of the stop" and such unlawful extension violated his constitutional rights under the state and federal constitutions. In his subsequent brief supporting his motion to suppress, Beller argued Hoss lacked reasonable suspicion to extend the stop beyond its initial purpose and such conduct violated his right to be free from unreasonable searches and seizures. Following a hearing, the district court entered its suppression ruling. Therein, the court opined, "it is well settled that [the] smell of marijuana alone is [an] insufficient basis for pursuing a drug investigation" and "[t]here must be other supporting factors." The court therefore concluded Hoss "lacked legal cause to detain [Beller] for purposes of a drug investigation." The court granted Beller's motion to suppress in its entirety.

The supreme court granted the State's application for discretionary review, stayed the proceedings in the district court, and transferred the appeal to this court for resolution.

---

[5] Beller also subsequently admitted to the presence of drug paraphernalia.

## II.    Standard of Review

Appellate review of a challenge to the district court's ruling on a motion to suppress "based upon the deprivation of a state or federal constitutional right" is de novo.  *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) (quoting *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017)).  "[W]e make 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Brown*, 890 N.W.2d at 321 (quoting *In re Prop. Seized from Pardee*, 872 N.W.2d 384, 390 (Iowa 2015)).  "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings."  *Id.* (quoting *Pardee*, 872 N.W.2d at 390).

## III.    Analysis

The State argues the district court erred in granting Beller's motion to suppress because the odor of marijuana coming from a vehicle is sufficient cause to allow an officer to extend the duration of a traffic stop for purposes of further investigation and conducting a search.  Beller does not appear to contest this principle.  Instead, he contends, for the first time, Hoss lacked reasonable suspicion or probable cause because, at the time of the traffic stop, he had not yet undergone training in the police academy, and he was therefore not qualified to detect the smell of marijuana. Beller bases this argument on Hoss's testimony that he could identify the nature of the marijuana odor as burnt, as opposed to raw, only after receiving training in the police academy.

The State implies an error-preservation concern, complaining "an attack on Officer Hoss's ability to identify the odor of marijuana was not the basis for [Beller's] challenge to the search in the district court, nor was it the basis for the court's

ruling." We agree with the State. Beller did not raise this argument in the district court, and the district court's ruling was not based upon it. Had Beller urged this argument in the district court, we could consider it as an alternative means to affirming the suppression ruling. *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002) ("We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court."). But, because he did not raise it and the court did not consider it, our fairness-based error-preservation rules require that we not consider this after-the-fact ambush on Hoss's qualifications to detect an odor of marijuana. *See id.* at 63 ("Ordinarily, we attempt to protect the district court from being ambushed by parties raising issues on appeal that were not raised in the district court. We see no reason why we should not apply the same rationale to the parties themselves. That is, one party should not ambush another by raising issues on appeal, which that party did not raise in the district court. To that end, we hold that we will not consider a substantive or procedural issue for the first time on appeal, even though such issue might be the *only* ground available to uphold a district court ruling."); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues.").[6]

---

[6] In any event, regardless of whether Hoss was able to identify the nature of the marijuana as burnt or raw at the time of the stop, still remains his uncontradicted testimony that he noticed an "immediate smell of marijuana," "it was a stronger smell," and he "didn't have to try very hard to . . . recognize it or . . . identify it" as marijuana. Furthermore, Hoss testified he recognized the odor of marijuana as a result of his prior contact with marijuana and "prior marijuana arrests" he participated in in the course of his tenure as a law enforcement officer. On this record, absent a challenge to Hoss's qualifications in the district court, we are satisfied Hoss's on the job experience rendered him sufficiently qualified to detect the odor or marijuana. *Cf. State v. Swift*, 556 N.W.2d 243, 247–48 (Neb. 1996) (concluding a social worker's statement to law enforcement that she smelled marijuana in an apartment was sufficiently reliable to support probable cause to support

We proceed to the merits of the only issue properly presented for our review—whether Hoss's detection of an odor of marijuana upon his initial approach to the subject vehicle provided him with sufficient grounds to extend the stop for the purpose of further investigation and/or conducting a search. "[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015). "A seizure justified only by a police-observed traffic violation, therefore, 'become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a ticket for the violation." *Id.* (alterations in original) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* at 1614. However, an officer is allowed to extend the duration of a traffic stop beyond that required to manage the initial purpose of the stop so long as that officer possesses "the reasonable suspicion ordinarily demanded to justify detaining an individual." *See id.* at 1615.

As noted, the district court based its ruling on its opinion "that it is well settled that [the] smell of marijuana alone is [an] insufficient basis for pursuing a drug investigation" and "[t]here must be other supporting factors." In this case, Hoss pulled Beller's vehicle over and, roughly forty seconds later, he made his initial approach to the vehicle, upon which he detected an "immediate smell of marijuana." At this point, the stop was still well within the time allowed for

search warrant as, "because of the nature of her job, she was familiar with the smell . . . of marijuana").

completion of the tasks tied to the traffic violation. Hoss's detection of an odor of marijuana at this point—when the seizure was still lawful—was sufficient to establish the reasonable suspicion necessary to prolong the stop for further investigation. *See, e.g.*, *United States v. Ushery*, 400 F. App'x 674, 675 (3d Cir. 2010) ("[I]t is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause." (citation omitted)); *United States v. Salley*, 341 F. App'x 498, 500 (11th Cir. 2009) (noting a "strong odor of marijuana" furnishes reasonable suspicion to justify further detention); *cf. State v. Knight*, 853 N.W.2d 273, 278 (Iowa Ct. App. 2014) (concluding aroma of alcohol was sufficient to justify an investigative detention). Further, although Hoss continued his investigation by questioning Beller in his patrol car, the smell of marijuana also gave Hoss probable cause to search the vehicle. *See State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011) ("[A] sufficiently distinctive odor, by itself or when accompanied by other facts, may establish probable cause."); *State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984) ("[T]he patrolman clearly had sufficient probable cause to search the vehicle and its contents. The patrolman smelled the odor of marijuana drifting from the car when he approached the defendant, who was seated behind the steering wheel. The odor of the controlled substance in the automobile gave the patrolman reasonable cause to conduct a comprehensive search of the car."); *see also Storm*, 898 N.W.2d at 145 (noting the requirement of a warrant is excepted "when probable cause and exigent circumstances exist at the time" of the search and "[t]he inherent mobility of motor vehicles satisfies the exigent-circumstances requirement" (citation omitted)).

Based on the foregoing, we conclude Beller's constitutional rights were not violated and the evidence obtained as a result of any prolongation of the stop is not subject to the exclusionary rule. We reverse the decision of the district court granting Beller's motion to suppress and remand for further proceedings in the district court.

**REVERSED AND REMANDED.**